**Donna Lee McLAUGHLIN**

v.

**ARCO POLYMERS, INC., a Corporation and Atlantic Richfield Company, a Corporation, Appellants.**

No. 82–5657.

United States Court of Appeals, Third Circuit.

Argued June 3, 1983.

Decided Nov. 15, 1983.

As Corrected Nov. 21, 1983.

Robert X. Medonis (argued), Pittsburgh, Pa., for appellee.

David E. Rosenbaum (argued), Philadelphia, Pa., for appellants.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Before us is an appeal by defendants ARCO Polymers, Inc. and Atlantic Richfield Company (referred to jointly as ARCO) from an order transferring this case to the Court of Common Pleas of Beaver County, Pennsylvania pursuant to 42 Pa.Cons.Stat. Ann. § 5103(b).

## I.

Plaintiff-appellee Donna Lee McLaughlin filed a complaint in federal court characterized as a "claim in Assumpsit" alleging that she is a "resident" of Pennsylvania; that she was hired as an Occupational Health Nurse in October 1974 by defendant ARCO Polymers, Inc., a division of the Atlantic Richfield Company, for its Beaver Valley Plant which produces polystyrene plastics; that in that capacity she was the "principal site source of medical attention for approximately 1,200 employees"; that she became aware that the plant's employees had hematological abnormalities; that shortly thereafter a complaint was filed with the Department of Labor, Occupational Safety and Health Administration (OSHA) which

resulted in the issuance of a citation to defendant; that defendant's officers and agents "blamed" her for the OSHA inquiry "and the employee concern for test results"; and that she was dismissed in 1978 as a result. The complaint also alleges, "At the time plaintiff was dismissed no male employee [in related positions] was either subject to employer criticism or dismissal." The complaint then alleges:

The aforesaid conduct of Defendant's was violative of public policy by wrongfully discharging Plaintiff and/or otherwise discriminating against her in retaliation against her with respect to the terms, conditions and privileges of her employment because of her involvement with the Occupational Safety and Health Act investigation and/or violative of public policy by discharging the Plaintiff and otherwise discriminating against her with respect to the terms, conditions and privileges of her employment because of her sex.

The complaint identifies jurisdiction as founded only on diversity of citizenship and an amount in controversy, exclusive of interest and costs, exceeding $10,000.

ARCO moved to dismiss the action for lack of subject matter jurisdiction on the ground there was no diversity of citizenship between the parties. It attached affidavits showing that both defendants Atlantic Richfield Company and ARCO Polymers, Inc. (before its merger into Atlantic Richfield) were incorporated in Pennsylvania. In response, plaintiff filed a "Motion to Transfer Claim in Lieu of Answer to Motion to Dismiss" which averred that "The Plaintiff herein has stated a cause of action cognizable under the laws of the Commonwealth of Pennsylvania, to wit, an unlawful dismissal from employment"; admitted that "all parties reside in Pennsylvania"; and requested in lieu of a dismissal "a transfer of the state claim" to the Court of Common Pleas, Beaver County, Pennsylvania. Plaintiff also filed an answer to the motion to dismiss, with affidavits, stating that the Atlantic Richfield Company,

though incorporated in Pennsylvania, maintains its principal office in Los Angeles.

■ After a hearing and argument on Defendants' Motion to Dismiss and Plaintiff's Motion to Transfer, the district court found there was no diversity of citizenship since plaintiff is a citizen of Pennsylvania and defendants are incorporated in Pennsylvania. Although there was no other basis for federal jurisdiction alleged in the complaint, the district court also found that it lacked jurisdiction over "claims pertaining to sex discrimination" and "a complaint of retaliatory discharge" resulting from a filing of an OSHA complaint. The district court concluded it had no basis for exercising jurisdiction, "although Plaintiff may have state law causes of action." The district court stated that the case was erroneously filed in the Western District of Pennsylvania, and thereupon ordered it transferred to the Court of Common Pleas of Beaver County, Pennsylvania "pursuant to the provisions of 42 Pa.C.S.A. § 5103(b) and in accordance with *Weaver v. Marine Bank* [683 F.2d 744 (3d Cir.1982)]." Defendants appeal.[1]

## II.

■ There can be no diversity jurisdiction under 28 U.S.C. § 1332 (1976) when plaintiff is a citizen of Pennsylvania and defendants are incorporated there. Since the statute expressly defines corporate citizenship to include the state of incorporation, 28 U.S.C. § 1332(c), plaintiff's affidavit alleging ARCO's principal place of business is in California was irrelevant. The district court recognized that the underlying suggestion that the state of incorporation can be overlooked in determining corporate citizenship was totally wrong.

ARCO contends that because there was no diversity, the only order the district court could have entered was one dismissing the complaint for lack of subject matter jurisdiction. It stresses the mandatory nature of the language of Fed.R.Civ.P. 12(h)(3): "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action." (emphasis added). ARCO relies on those cases which hold a court without subject matter jurisdiction has no power to transfer but only to dismiss. *See Grand Blanc Education Association v. Grand Blanc Board of Education,* 624 F.2d 47, 49 n. 4 (6th Cir. 1980); *Dantes v. Western Foundation Corporation Association,* 614 F.2d 299, 301 (1st Cir.1980); *White v. Commercial Standard Fire and Marine Co.,* 450 F.2d 785, 786 (5th Cir.1971); *Atlantic Ship Rigging Co. v. McLellan,* 288 F.2d 589, 591 (3d Cir.1961).

■ ARCO's broad argument against any power to transfer based on these cases has now been weakened by the provision of the Federal Courts Improvement Act of 1982 which authorizes the court in which a case has been improperly filed to transfer it to a court in which the action or appeal could have been brought "if it is in the interest of justice". 28 U.S.C.A. § 1631 (Supp.1983).[2]

1. We have jurisdiction over the appeal under 28 U.S.C. § 1291 (1976). The order below finding a lack of subject matter jurisdiction and transferring the action divested the court of all control of the action and is appealable as a final order. *See Untalan v. Calvo,* 381 F.2d 228, 230 (9th Cir.1967). *Cf. Baltimore Bank for Cooperatives v. Farmers Cheese Cooperative,* 583 F.2d 104, 108 (3d Cir.1978) (abstention decision appealable as "removing entirely from the original federal jurisdiction cases that fall within federal jurisdiction grants . . . .").

2. That section provides in full:
Transfer to cure want of jurisdiction
Whenever a civil action is filed in a *court as defined in section 610* of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal *to any other such court* in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
28 U.S.C.A. § 1631 (Supp.1983) (emphasis added).
Section 610, referred to in Section 1631, provides:

Section 1631 does not, however, provide for the transfer of this action to a state court. Both the statutory language and the legislative history show that this provision was directed to the federal court system. The Senate Report explicitly states, "This provision is broadly drafted to allow transfer between any two *Federal* courts." S.Rep. No. 275, 97th Cong., 1st Sess. 30, *reprinted in* 1982 U.S.Code Cong. & Ad.News 11, 40 (emphasis added). *See also* Hearing on Judicial Housekeeping Before the Subcomm. on Courts, Civil Liberties, and the Administration of Justice of the House Comm. on the Judiciary, 95th Cong., 2d Sess. 372–90 (May 4, 1978) (discussions of need for transfer between *federal* courts).

█ The only other congressional authorization to which plaintiff has alluded as a basis for providing for such transfer notwithstanding the lack of subject matter jurisdiction is 28 U.S.C. § 1447(c) (1976). That statute gives the district court only limited authority in this regard, *i.e.*, to remand to the state court actions "removed improvidently and without jurisdiction". Since plaintiff McLaughlin's action was not initially removed from state court, this provision is inapplicable.

Plaintiff and the district court relied on this court's decision in *Weaver v. Marine Bank*, 683 F.2d 744 (3d Cir.1982) (on remand), where we transferred the pendent state law claim to state court. In *Weaver*, however, we characterized the state claim as pendent to plaintiffs' colorable federal claim that defendant had violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), a claim clearly within the subject matter jurisdiction of the federal district court. The Supreme Court's decision that the Weavers' action did not involve a "security" within the scope of the federal statute, *see Marine Bank v. Weaver*,

455 U.S. 551, 102 S.Ct. 1220, 71 L.Ed.2d 409 (1982), did not deprive the federal claim of its initial substantiality. As we stated on remand,

> Unquestionably, at the time the suit was filed in the district court, there was a *colorable federal claim and pendent jurisdiction could properly be assumed.*

683 F.2d at 747 (emphasis added).

There is a serious question in this case whether McLaughlin's complaint can be construed to present any colorable federal claim. The complaint alleged no violation of federal law, referred to no effort by McLaughlin to seek federal administrative remedies;[3] stated no basis of jurisdiction other than diversity; and pleaded only a violation of Pennsylvania law. Plaintiff's counsel throughout the litigation, both in the district court and this court, argued only diversity of citizenship and contended only that Pennsylvania law was violated. The passing references to OSHA which appear in the complaint were apparently intended to support plaintiff's claim that her discharge violated Pennsylvania public policy. *See Bruffett v. Warner Communications, Inc.*, 692 F.2d 910, 918–19 (3d Cir. 1982).

It is true that the complaint's reference to "discrimination against [plaintiff] with respect to the terms conditions and privileges of her employment because of sex" is identical to that employed by Title VII. 42 U.S.C. § 2000e–2(a)(1) (1976). It is, however, also substantially identical to language in the Pennsylvania Human Relations Act, 43 Pa.Stat.Ann. § 955(a) (Purdon Supp.1983). Nothing in the complaint indicates whether the federal statute, the state statute or both were contemplated as a basis for McLaughlin's claim, since the complaint refers only to "public policy". In any event plaintiff does not argue on appeal

---

As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court for Guam, the District Court of the Virgin Islands, the United States Claims Court and the Court of International Trade.

28 U.S.C.A. § 610 (Supp.1983).

**3.** For example, the district court found that no charges were ever filed with the EEOC nor was any right to sue letter ever issued in the four years since the events complained of.

that the district court erred in holding that there was no basis for federal jurisdiction.[4] Plaintiff's argument, at least on appeal, has been directed to preservation of its state law claim, which both it and the district court believed could be effected only through a transfer by the district court to the state court.

There is a serious question whether the *Weaver* precedent can be extended to authorize the district court to transfer a state law claim in the absence of any colorable federal claim to which it could have been pendent.[5] Resolution of that difficult issue would require us to interpret the scope of our inherent power, and could implicate as well Article III of the United States Constitution. We refrain from deciding constitutional issues when the case can be resolved on another basis. See *Spicer v. Hilton,* 618 F.2d 232, 240–41 (3d Cir. 1980).

After the district court entered its order of transfer in this case, the Pennsylvania legislature amended the relevant transfer statute to permit the preservation of claims filed in federal court without the necessity of any transfer order. The amendment was a portion of a broader statute enacted December 20, 1982 and effective 60 days thereafter, which, *inter alia,* amended 42 Pa. Cons.Stat.Ann. § 5103(b) to provide:

§ 5103. Transfer of erroneously filed matters

. . . .

(b) Federal cases.

*(1)* Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. *Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).*

*(2)* Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matters) shall not be applicable to a matter transferred under this subsection.

42 Pa.Cons.Stat.Ann. § 5103(b) (Purdon Supp.1983), 1982 Pa.Legis.Serv. Act 326, art. II, § 201 (Dec. 20, 1982) (new matter italicized).

As is evident, it is now possible to effectuate the intention of the Pennsylvania legislature to ameliorate the hardship to litigants who inadvertently file their actions in the wrong court merely by having them, by

---

**4.** In light of our disposition, we do not reach the correctness of the district court's rulings which formed the basis for its holding that there was no viable claim presented by plaintiff under either the OSHA Act or Title VII. We also express no opinion on whether McLaughlin has pled a viable claim under Pennsylvania law.

**5.** I adhere to the position expressed in my separate opinion in *Weaver,* 683 F.2d at 751–52, that transfer of an action from a federal to a state court is unauthorized without an applicable federal statute. *See White v. Commercial Standard Fire and Marine Co.,* 450 F.2d 785 (5th Cir.1971). I am, however, bound by the legal precedent of reported decisions of this court unless and until they are reversed by the in banc court. IOP Chapter 8[C].

their own actions, transfer the dismissed matters.[6]

### III.

Accordingly, we will remand this action to the district court with directions that it dismiss the action so that plaintiff, pursuant to the amended Pennsylvania statute which is now effective, can transfer this matter by her own action to the Court of Common Pleas of Beaver County, Pennsylvania. Each side to bear its own costs.

---

**6.** The amendment, further reflecting Pennsylvania's "enlightened effort to preserve a litigant's claim on the merits when the suit has been improvidently brought in federal court" by using the date of institution of the federal suit for purposes of the statute of limitations, *see Weaver,* 683 F.2d at 751–52 (Sloviter, J., separate opinion), appears to have emanated from the Judicial Code Committee of the Pennsylvania Conference of State Trial Judges. *See* Letter from the Hon. Robert A. Doyle, Chairman of the Judicial Code Committee to the Hon. George W. Gekas, Chairman, Senate Judiciary Committee (Dec. 7, 1981) (proffering the amendments to clarify that "a person who files in the wrong place does not lose the cause of action since it can be transferred anywhere within or outside the unified judicial system.")