**John C. BIEKARCK, Plaintiff,**

v.

**WARREN–FOREST COUNTIES ECONOMIC OPPORTUNITY COUNCIL, INC., Defendant.**

**Civ. A. No. 83–269 ERIE.**

United States District Court,
W.D. Pennsylvania.

Nov. 23, 1983.

H. Robert Hampson, Warren, Pa., for plaintiff.

James R. Walczak, MacDonald, Illig, Jones & Britton, Erie, Pa., David W. Swanson, Warren, Pa., for defendant.

## OPINION

WEBER, District Judge.

This case presents an interesting combination of questions on federal jurisdiction, standing to sue, and private causes of action.

Plaintiff is the owner of an established mercantile business in Warren, Pennsylvania. The defendant is a non-profit organization formed to foster economic development in the two-county area. To revitalize the Warren downtown commercial area, defendant, along with two similar non-profit organizations, acquired a large building which was renovated and remodeled to make it suitable for several small businesses. The declared goal of this enterprise was to attract new businesses and jobs to downtown Warren without displacing existing businesses.

One of the three joint ventures in this enterprise is Uniform Region Nine Certified Development Company (U.R.9) which pledged a contribution of $53,625 of equity capital to the project. This capital contribution of U.R.9 is derived from a grant to U.R.9 from the Appalachian Regional Commission, a federal agency, for use in this project. The plaintiff contends that this use of the funds is prohibited by the provisions of the Appalachian Regional Development Act of 1965, as amended, 40 U.S.C. App. § 1. Plaintiff claims that this alleged illegal use of the federal grant injures him in his business because it subsidizes competing business enterprises under conditions in which he and similar local merchants are barred.

Plaintiff brought suit in the Common Pleas Court of Warren County, Pennsylvania, stating a cause of action under the Appalachian Regional Development Act, 40 U.S.C.App. § 1. He named as the sole defendant the Warren-Forest Counties Economic Opportunity Council, Inc., which held title to the real estate involved.

■ Defendant removed the action to the United States District Court under 28 U.S.C. § 1441, because the plaintiff claimed rights arising under a federal statute. The face of the complaint reveals that such claim is made and the action was properly removed. *Westmoreland Hospital Assoc. v. Blue Cross of Western Pennsylvania*, 605 F.2d 119 (3d Cir.1979).

Upon removal defendant filed a motion to dismiss on the grounds that (1) the Appalachian Regional Development Act does not create a private cause of action; (2) plaintiff lacks standing to bring this action; and (3) plaintiff has failed to join indispensable parties.

■ Plaintiff filed a motion to remand the action to the state court, but now concedes jurisdiction in this court. Jurisdiction, having been established by the face of the complaint, is not defeated by a later determination of no cause of action. This is a judgment on the merits and is only decided after the court has assumed jurisdiction. *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

■ Congress passes a lot of laws each session, but the violation of the provisions of any federal statute does not automatically give a right to sue to any person alleging injury by reason of the violation. *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Lechtner v. Brownyard*, 679 F.2d 322 (3d Cir.1982): *United States v. F.M.C.*, 717 F.2d 775 (3d Cir.1983).

A statute may create a private cause of action by express terms, such as "any person claiming injury because of a violation of any provision of this act may bring suit in the United States District Court." There is no such provision in this Act.

Many cases have construed statutes as creating an implied private cause of action. In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1976) the Supreme Court set four standards for determining an implied cause of action from a statute:

(1) Is the plaintiff one of the class for whose especial benefit the statute was passed?
(2) Is there any indication of legislative intent to create such a remedy?
(3) Does the underlying purpose of the legislation imply such a remedy?
(4) Is the cause of action one traditionally relegated to state law?

There is no indication in this statute that the legislative scheme was intended to protect businessmen from unfair competition. The purpose of the Act is to foster economic development in the Appalachian region. There is no indication of any legislative intent in the Act itself or in its legislative history to foster enforcement of the Act through private lawsuits. The Act is designed to alleviate an economic syndrome by the universal remedy, federal funds, with certain limitations on their use.

■ We conclude that no private cause of action is implied in the Act.

■ We also cannot find that plaintiff has any standing to bring this action. The injury which he alleges is that defendant and its tenants will unfairly compete with plaintiff because of the subsidy enjoyed by the availability of federal funds. However, the Act does not reflect a legislative purpose to protect a competitive interest. It is not alleged that such competition is in any sense unlawful. The plaintiff here does not stand within any "zone of interest" which the statute is intended to protect. *Association of Data Processing Service Organization, Inc. v. Camp*, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). The limitations in the Act on how the money is to be spent reveal no intent to protect competitors.

Having determined these prime contentions of defendant we find no need to consider whether plaintiff has joined all parties necessary for full adjudication.

■ Plaintiff, in its brief, raises an issue not previously raised in the complaint. It argues that the facts recited give support to a claim of violation of its civil rights

under 42 U.S.C. § 1983. It argues in its brief that defendant is a corporation formed and doing business in Pennsylvania and that it uses both federal and state funds in its projects. The extent of state funding is nowhere explained in the complaint. We do not find any infusion of state funds into the project sufficient to satisfy the state action requirement of Section 1983.

In *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168 (3d Cir.1978), the Court of Appeals stated that there must be a sufficient nexus between the state and the challenged action so that the action of the defendant may be fairly treated as that of the state itself, or that the state itself is a joint participant in the challenged activity, citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1975), *Moose Lodge v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Last term the Supreme Court reaffirmed this standard in *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), in finding that 90% funding of a nursing home by the state did not constitute the acts of the administration of the home as state action under § 1983.

▇▇ Finally, plaintiff has failed to plead this claim with specificity. In this Circuit a civil rights action should be pleaded with particularity, *Rodes v. Municipal Authority of the Borough of Milford*, 409 F.2d 16 (3d Cir.1969).

We find no basis for finding a civil rights cause of action in this complaint.

▇▇ Having disposed of the federal claim we raise the question of whether any further action of remand by this court would be appropriate. Under 28 U.S.C. § 1447(c) we may remand to the state court actions "removed improvidently and without jurisdiction." This is inapplicable in the light of our finding that jurisdiction exists.

In *Weaver v. Marine Bank*, 683 F.2d 744 (3d Cir.1982) after a remand by the Supreme Court which found plaintiff's claim not to involve a "security" within the terms of the federal statute, the Court of Appeals directed that the pendant state claim be transferred to the state court. The action originally filed in the federal district court clearly contained pendant state claims, which could have been adjudicated because of the colorable federal securities act claims presented. However, despite a colorable federal claim in the present case, no other claims which might be designated as pendant, appear in the complaint.

In *Lechtner v. Brownyard*, 679 F.2d 322 (3d Cir.1982), the Court of Appeals having found no private cause of action, remanded to the district court with directions to dismiss the entire action, including pendant claims, but with the suggestion that the district court in its order of dismissal, transfer the state law claims to the state court under the provisions of 42 Pa.Cons. Stat.Ann. 5103.

Subsequently, on December 20, 1982 the Pennsylvania statute was amended to allow any litigant whose claim has been dismissed in federal court for lack of jurisdiction to transfer the matter to the state court. The Pennsylvania statute thus has the effect of tolling the statute of limitations during the pendency of the federal court action.

While this ameliorating provision exists, we are uncertain of its application in the present case. We have determined the federal cause of action on the merits; the dismissal here is not for lack of jurisdiction. We cannot find the existence of any separate state law cause of action from the recitals of the complaint. *See, McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426 (3d Cir.1983).

The action will be dismissed for lack of a private cause of action and lack of standing of the plaintiff to sue.