BECKER, Circuit Judge,
concurring and dissenting.
The majority believes the district court's transfer of Ms. Rogers' and Moravian's claims to the territorial court is inappropriate for three reasons. I find its first two reasons (centering on the change in language of 4 V.I. Code § 23 and on an analysis of 28 U.S.C. § 1631 and 48 U.S.C. § 1613) unpersuasive. I agree in principle with the third prong of the majority's analysis (centering on Fed. R. Civ. P. 12(h)(3)) but believe that it counsels remand of Moravian's case for reevaluation of the jurisdictional issue. While Rule 12(h)(3) precludes transfer of Rogers' claim, this result so troubles me that I am prompted to recommend to the Virgin Islands Senate that it enact savings legislation that would, in the future, save claims such as those of Rogers and Moravian from extinction.
I.
Under the Revised Organic Act of 1954, the District Court of the Virgin Islands was permitted to transfer any action brought in the district court to the territorial court. 4 V.I. Code, Historical Documents, Revised Organic Act of 1954 § 23. In 1984, as part of a comprehensive restructuring of Virgin Islands jurisdiction, Congress amended § 23 by deleting the language that authorized such transfers. See 48 U.S.C. § 1613, note (1984 Amendment). The majority infers that this deletion evinces congressional intent to prohibit such transfers. I disagree. Deciphering congressional silence is always a tricky business. This is especially true when, as here, Congress authorizes a total restructuring with sweeping legislation. In such circumstances, no reasonable inference can be drawn from Congress' deletion of any particular provision.
To further buttress its inferential argument that the District Court of the Virgin Islands may not lawfully transfer a case to the *293 Territorial Court of the Virgin Islands, the majority relies upon 28 U.S.C. § 1631 and 48 U.S.C. § 1613. According to the majority, § 1613 "provides for the relations between the District Court of the Virgin Islands and the territorial court to parallel the relations between the federal courts and the state courts."[1] The majority further explains that § 1631 "limits the authority of the federal courts to transfer cases only to other federal courts." (emphasis added).[2] Thus, according to the majority's view, federal courts may not transfer cases to state courts and, via § 1613, the District Court of the Virgin Islands may not transfer cases to the Territorial Court of the Virgin Islands.
In my view, the majority has mischaracterized § 1631. Section 1631 is an efficiency-oriented provision that governs transfers of cases between federal courts. The problem with the majority's analysis is that, as I document in footnote 3, the federal transfer provision, § 1631, deals only with the relations of different federal courts to each other.[3] See also McLaughlin v. Arco Polymers, Inc., 721 *294 F.2d 426, 429 (3d Cir. 1983). This has two implications. First, § 1631's failure to authorize transfers to state courts cannot fairly be read to proscribe such transfers. Second, § 1631 does not pertain to "relations between" federal and state courts and thus does not, via § 1613, affect the relations between the district and territorial courts of the Virgin Islands.
Thus, the only legal impediment to transferring cases to the territorial court is Fed. R. Civ. P. 12(h)(3). This rule states that, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Consistent with principles announced by this court in Weaver v. Marine Bank, 683 F.2d 744 (3d Cir. 1982), and McLaughlin v. Arco Polymers, Inc., 721 F.2d 426 (3d Cir. 1983), the majority interprets Rule 12(h)(3) to bar transfer of an action when the court lacks subject matter jurisdiction. I agree. With this in mind, the majority correctly concludes that Ms. Rogers' case should be remanded with instructions to dismiss.
Contrary to the majority's suggestion, however, Moravian's case cannot be disposed of similarly. In her complaint filed with the Virgin Islands Department of Labor, Ms. Rawlins may have alleged a colorable federal claim of age and national origin discrimination. She averred, inter alia, that:
The employment practices at Memorial Moravian School, as well as its forms and conditions of employment have a disparate *295 impact on persons who are of different national origin and are in the protected age group. For example:
[A]. "The majority of the faculty members are not in the protected age group. B. Rev. Peters favors recruiting persons who are from the former British Colonies of the West Indies, as he is. I am a native Virgin Islander. C. Persons who have been absent from work due to sickness or any other leave of absences did not have their employment affected as mine was. D. The person who replaced me (Mrs. Ham) is not in the protected age group, and is from one of the former British Colonies of the West Indies." (Complaint In Re Helen Rawlins, WD-005-90-STT — pages 1-3).
If Ms. Rawlins' originally alleged federal claims, such claims might provide an adequate basis for supplemental jurisdiction over her state law claims, see 28 U.S.C. § 1367, and thereby support Moravian's contention that the district court has the power to transfer. I would remand to the district court for determination of what claims Ms. Rawlins asserted and whether they support supplemental jurisdiction. If the court concludes that it has supplemental jurisdiction over Ms. Rawlins' state law claims, it should transfer them pursuant to 4 V.I. Code §§ 32(b), 77(b).[4] If not, it should dismiss them.
n.
While I must agree with the majority's conclusion as to Ms. Rogers' claim, I am nonetheless troubled by it. In 1984, Congress *296 set in motion a restructuring of the entire Virgin Islands judicial system. This restructuring divested the District Court of the Virgin Islands of its purely local jurisdiction and transferred it to the Territorial Court of the Virgin Islands. See generally Brow v. Farrelly, 994 F.2d 1027, 1034 (3d Cir. 1993). Congress must have known that significant confusion including cases being filed in the wrong court would result during this restructuring.[5] Allowing numerous actions to lapse due to statutory confusion seems improvident, and this rings especially true in the Virgin Islands. Deeply ingrained into the Virgin Islands legal culture is a policy of eschewing technical niceties in favor of hearing cases on the merits and effecting substantial justice.
In Ms. Rogers' case, her serious medical malpractice claim was filed in a timely manner, but the statute of limitations has now expired. Given Rule 12(h)(3), this improperly filed claim cannot be transferred to the appropriate court. The availability of a malpractice suit against a lawyer who may have various defenses or be uninsured and impecunious provides scant relief. To avoid this unduly harsh result, I urge the Virgin Islands Legislature to enact a savings statute, like the one in Pennsylvania, 42 Pa. Cons. Stat. Ann. § 5103(b) (1995), which would allow preservation of claims filed in federal court without the necessity of a transfer order. Such a statute would permit litigants to refile cases dismissed by a district court for lack of subject matter jurisdiction in a state court simply by filing a certified transcript of the district court proceedings with the appropriate state authority. To eliminate any time limitation problems, the savings statute would allow litigants to use the date the federal suit was instituted as the filing date for the state law claim.[6] In this manner, a savings statute would facilitate the efficient dispensation of justice throughout the Virgin Islands.

 That section reads:
The relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, and other matters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings.
48 U.S.C. § 1613. [1995 U.S. App. LEXIS 31959, **23]

 The Section provides:
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal. . . and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court, in which the action or appeal could have been brought at the time it was filed or noticed.
28 U.S.C. § 1631 (emphasis added).
"Court" is defined in § 610 as, "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610.

 See S. Rep. No. 275,97th Cong., 1st Sess. 11 (1981), which explains the purpose of 28 U.S.C. § 1631 as follows:
In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both the trial and appellate level — have subject matter jurisdiction over certain categories of civil actions. *294 The problem has been particularly acute in the area of administrative law where misfilings and dual filings have become commonplace. The uncertainty in some statutes regarding which’ court has review authority creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedures.
At present, the litigant's main protective device, absent an adequate transfer statute is the wasteful and costly one of filing in two or more courts at the same time. This puts increased burdens on the courts as well as on the parties.
Although most problems in this regard relate to controversies involving the district courts and the court of appeals, there also have been cases involving the Court of International Trade, and the Temporary Emergency Court of Appeals. Therefore, the language of Part A of Title III [ § 1631] is broadly drafted to permit transfer between any two federal courts.
Thus, this statute was written to cover federal transfers. It has nothing to say on the issue of transfers between federal and state courts.

 Section 32(b) provides:
Any action or proceeding brought in the district court which is within the jurisdiction of the territorial court may be transferred by the district court in the interest of justice to the territorial court for the proper division.
4 V.I. Code § 32(b).
Section 77(b) provides:
A judge of the district court may in the interest of justice, cause a case or cases pending in the territorial court to be transferred to the district court and may transfer cases pending in the district court to the territorial court provided that such transferred case is within the jurisdictional competence of [the] court to which the transfer is made.
4 V.I. Code § 77(b).

 For example, on February 3, 1993, Chief Judge Moore found it necessary to issue a memorandum of the entire Virgin Islands Bar on where writs of review should be filed.

 See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 430-431 (3d Cir. 1983), for a further description of the Pennsylvania savings statute.