# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2559

_____

Dale J. Burke,  　　　　*
　　　　　　　　　　　　*
　　　Appellant,　　　 *
　　　　　　　　　　　　*　Appeal from the United States
　v.　　　　　　　　　*　District Court for the
　　　　　　　　　　　　*　District of North Dakota
KXJB-TV, Channel 4, CBS Affiliate,　*
　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　Appellee.　　　　*

_____

Submitted:　November 17, 1998

Filed:　December 7, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Dale J. Burke appeals from a final judgment entered in the District Court[1] for the District of North Dakota dismissing Burke's 42 U.S.C. § 1983 pro se complaint against KXJB-TV Channel 4. For reversal, Burke argues the district court erred in (1) dismissing his complaint and (2) refusing to transfer his case, pursuant to 28 U.S.C.

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

§ 1631, to a court that would have had jurisdiction over his claim. For the reasons discussed below, we affirm the judgment of the district court.

Burke alleged in his complaint that, after he was charged with murder and arson, KXJB filmed him at the Cass County Courthouse while he was handcuffed and wearing a jail uniform, and then aired the film clip on television as a news report and in a commercial. Burke claimed that KXJB's conduct violated his due process and equal protection rights, as well as his right to receive a fair trial. KXJB sought dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court dismissed Burke's complaint, concluding that state action was lacking and that Burke should address the unfair trial issue during voir dire in his criminal trial.

After de novo review, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998), we agree with the district court that Burke's § 1983 claim fails. KXJB's filming of Burke and then airing the film clip were not committed under color of state law. See Parker v. Boyer, 93 F.3d 445, 448 (8th Cir. 1996) (television station's videotaping of arrestee was not act committed under color of state law where station entered arrestee's house after police had executed search warrant), cert. denied, 117 S. Ct. 1081 (1997). The unfair trial issue is a matter for voir dire in any ensuing criminal trial. Cf. Cox v. Norris, 133 F.3d 565, 569-70 (8th Cir. 1997) (holding when party claims Sixth Amendment right to fair trial was denied due to excessive pretrial publicity, determinative inquiry is effect of publicity on prospective jurors, which is to be determined during voir dire), cert. denied, 119 S. Ct. 89 (1998).

Additionally, transfer of Burke's case to another court was not a viable option because Burke had failed to establish a basis for federal jurisdiction. See 28 U.S.C. § 1631 (court lacking jurisdiction may transfer action to court in which action could initially have been brought); id. § 610 ("court" defined as federal courts); see also McLaughlin v. ARCO Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983) ("Section 1631 does not, however, provide for the transfer of this action to a state court. Both the

statutory language and the legislative history show that this provision was directed to the federal court system.").

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.