**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1495
_____

EMELIA M. SEGRETI,

Appellant

v.

BOROUGH OF WILKINSBURG; LT. MICHELE KREMPATSKY;
MAYOR JOHN THOMPSON; MICHELE KENNY, SECRETARY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 09-CV-01511)
Magistrate Judge:  Honorable Robert C. Mitchell[*]

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2011

Before:  RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 11, 2011)

_____

OPINION
_____

PER CURIAM

---

[*] Both parties consented to the exercise of jurisdiction by the Magistrate Judge Mitchell pursuant to 28 U.S.C. § 536 and Fed. R. Civ. 73.

Emelia Segreti appeals pro se from the order of the District Court dismissing her complaint. We will affirm the District Court's rulings, but will remand for the entry of an additional order as discussed below.

## I.

Segreti filed suit under 42 U.S.C. § 1983 against the Borough of Wilkinsburg and several of its current and former employees and later filed a first and second amended complaint. She claims that she and her daughter were assaulted by a group of people in February of 2004 and that defendants took inadequate measures to identify and prosecute those involved. She further alleges that, during her efforts to obtain justice, certain defendants filed false charges of disorderly conduct against her in 2005 (for using profanity at a council meeting) and 2007 (for conduct in the Borough building). She concedes that she was found guilty of these charges, but maintains that her convictions were based on false testimony. She also claims that a non-defendant police officer prevented her from voting in November 2007 by preventing her from entering the Borough building. Finally, she claims that Defendant Kenny (also a police officer) harassed her at a gas station in 2008 and filed false charges of harassment against her that were dismissed on June 9, 2009, when Kenny and another police officer failed to appear at trial. For relief, Segreti seeks damages for emotional distress.

By order entered May 13, 2010, the District Court dismissed Segreti's complaint against the Borough and Kenny under Rule 12(b)(6) on their motion and on multiple

2

grounds. The District Court later directed Segreti to seek a default judgment against the remaining defendants (Krempatsky and Thompson) or show cause why the action should not be dismissed. Segreti filed a motion for a default judgment, which the District Court denied. Then, by order entered January 26, 2011, the District Court dismissed Segreti's complaint against the remaining defendants on their motion and again on multiple grounds. Segreti appeals.[1]

## II.

The District Court properly construed Segreti's allegations and thoroughly explained why they do not state a federal claim. In particular, the District Court properly determined that Segreti's federal claims are barred by the statute of limitations, barred by Heck v. Humphrey, 512 U.S. 477 (1994), or otherwise fail to state a claim as a matter of law. Segreti raises no colorable challenge to those rulings in her brief. After reviewing her complaints de novo, we agree with the District Court's reasoning and need not reiterate it here.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Although Segreti mentions only the January 26 ruling in her pro se notice of appeal, we will liberally construe it along with her brief to seek review of the District Court's previous orders as well. We review the District Court's dismissal under Rule 12(b)(6) de novo. See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010). In doing so, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." Id. The complaint must contain "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (citation omitted). We review the denial of a motion for default judgment for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

One issue, however, requires remand for limited further proceedings. Segreti claims that defendant Kenny maliciously prosecuted her by filing the harassment charges that were dismissed in 2009. The District Court correctly concluded that Segreti did not state a federal malicious prosecution claim under § 1983 because she did not allege the requisite deprivation of liberty. See Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). Deprivation of liberty, however, is not a required element of malicious prosecution under Pennsylvania state law. See id. at 186 & n.2. The District Court did not address whether Segreti's allegations state such a claim for federal pleading purposes. Liberally construing Segreti's second amended complaint, we believe they do. See id.

We recognize that Segreti's complaints mention only § 1983 and do not expressly assert a claim under Pennsylvania state law. Ordinarily, we might not fault the District Court for failing to consider such a claim in the absence of a valid federal claim or other basis for federal jurisdiction.[2] In this case, however, it appears that the two-year statute of limitations on a state-law claim for malicious prosecution has run during the pendency of Segreti's federal proceeding. See 42 Pa. Cons. Stat. § 5524(1). In the absence of a further order, that circumstance might prevent Segreti from asserting a potentially meritorious claim in state court. Thus, we will remand for the District Court to enter an

---

[2] Because the District Court did not address whether Segreti had asserted a state-law claim, it necessarily did not consider whether to exercise supplemental jurisdiction over such a claim. Remand for consideration of that issue is not necessary, however, because the exercise of supplemental jurisdiction after the dismissal of Segreti's federal claims at this stage plainly was not warranted. See 28 U.S.C. § 1367(c)(3); Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1535 (3d Cir. 1992).

4

order dismissing Segreti's second amended complaint, to the extent it can be read to assert a state-law claim of malicious prosecution, for lack of jurisdiction. That ruling will permit Segreti to file the claim in state court retroactive to the date she filed her second amended complaint in federal court. See 42 Pa. Cons. Stat. § 5103(b); Angst, 969 F.2d at 1534-35; McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 430-31 (3d Cir. 1983). We emphasize that we take this step only in light of Segreti's pro se status in case she intended to assert such a claim and now wishes to proceed with it in state court.

Finally, Segreti appears to take issue with the District Court's denial of her motion for a default judgment. We perceive no abuse of discretion in that regard. Although the District Court did not explain why it denied the motion, Krempatsky's and Thompson's response in opposition set forth the relevant factors and none of them weighs in favor of entering a default. See Chamberlain, 210 F.3d at 164. In particular, Segreti was not prejudiced by those defendants' delay in responding, there is no indication that they were culpable, and they had a litigable defense. See id.

Accordingly, we will affirm the judgment of the District Court, but will remand for the entry of an additional order consistent with this opinion.