**ALD-087**                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4214
_____

GINA LEVIN,
                              Appellant

v.

STEVEN LILLIEN, DDS; ESSEX ORAL SURGERY GROUP, P.A.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 12-cv-00140)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013
Before:  SLOVITER, VANSASKIE and WEIS, <u>Circuit Judges</u>

(Opinion filed: January 25, 2013)
_____

OPINION
_____

PER CURIAM.

Gina Levin, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District Court

for the District of New Jersey dismissing her complaint for lack of subject matter

1

jurisdiction. For the reasons that follow, we will affirm the judgment of the District Court.

Levin filed a complaint against Dr. Steven Lillien and the Essex Oral Surgery Group (the "defendants") asserting claims of negligence and false imprisonment arising out of a dental procedure during which Dr. Lillien allegedly injured Levin and ignored her requests to stop the dental work he was performing. Levin averred that the District Court had federal question jurisdiction under the Federal Tort Claims Act, the Public Health and Welfare Act, and the Health Insurance Portability and Accountability Act of 1996.

The defendants moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In response, Levin sought leave to amend her complaint so that she could pursue claims of battery, fraud, and "patient abandonment" instead of her previously-asserted claims. Levin stated that she no longer wished to rely on the federal statutes named in her original complaint as the basis for the court's jurisdiction. Instead, Levin sought to add as a co-defendant Aetna Insurance Company, an entity she claimed was vicariously liable for her harm, and invoke the court's diversity jurisdiction. Levin also asked the District Court to transfer her complaint pursuant to 28 U.S.C. § 1631 to the extent she had filed it in the wrong court. While these motions were pending, Levin filed a complaint in New Jersey state court raising the claims she sought to raise in her amended complaint and acknowledging that she had erroneously filed a complaint in federal court.

2

The Magistrate Judge denied Levin's motion to amend her complaint, concluding that amendment would be futile because both Levin and Dr. Lillien are New Jersey citizens, and thus, even if Aetna was added as a defendant, complete diversity would be lacking. The Magistrate Judge also noted that Levin had abandoned her federal claims and federal question jurisdiction did not exist.

The Magistrate Judge also recommended that the District Court deny Levin's motion to remand or transfer the matter to state court. The Magistrate Judge explained that a remand was not available because Levin's complaint was originally filed in federal court and that a transfer was not available under 28 U.S.C. § 1631 because that statute only applies to transfers within the federal system. Finally, the Magistrate Judge recommended that the District Court grant the defendants' motion to dismiss Levin's original complaint because she no longer wished to assert a federal claim, diversity jurisdiction was lacking, and New Jersey state court was the proper forum for her claims. The District Court adopted the Magistrate Judge's report and recommendation and this appeal followed.

Levin contends in her submission to this Court that the District Court erred in dismissing her complaint with prejudice because such a dismissal may affect her state court complaint. We agree with Levin that the dismissal of her complaint should have been without prejudice to the pursuit of her claims in state court. See South Austin Coal. Cmty. Council v. SBC Commc'ns Inc., 191 F.3d 842, 844 (7th Cir. 1999) ("*every* jurisdictional dismissal is without prejudice to litigation of the merits in some other court

3

or at some other time"). However, although the District Court's order provides for a dismissal with prejudice, there is no question in this case that, as a matter of law, the District Court's decision has no preclusive effect, other than on the merits of its jurisdictional ruling. Disher v. Info. Res., Inc., 873 F.2d 136, 139 (7th Cir. 1989). The Magistrate Judge's report addresses solely the question of subject matter jurisdiction and contemplates that Levin's claims will be adjudicated on the merits in state court. The District Court's dismissal with prejudice reflects only that Levin's federal action has ended. Thus, no relief is due.

To the extent Levin appeals the denial of the motion to amend her complaint, the District Court did not abuse its discretion in denying Levin's motion. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (noting in context of Rule 12(b)(6) motion that leave to amend is properly denied where amendment would be futile); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (requiring complete diversity of citizenship for federal jurisdiction). The District Court also did not err in denying Levin's motion to remand or transfer her complaint to state court. McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983). Finally, for the reasons stated in the Magistrate Judge's report, the District Court properly granted defendants' motion to dismiss Levin's original complaint.

Accordingly, we will affirm the judgment of the District Court.