PS1-158                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1876
_____

GINA LEVIN,

                                        Appellant

v.

OMSNIC; MARCUS SCHECHNER; LASALLE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-00858)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2014

Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 4, 2014)

_____

OPINION
_____

PER CURIAM

    Gina Levin appeals from the District Court's order dismissing her complaint.

We will affirm.

    This action arises from Levin's pursuit of a medical malpractice action in New

Jersey state court. Levin initially filed her malpractice action in federal court, but the District Court dismissed it for lack of subject matter jurisdiction. We affirmed and noted that the District Court's ruling was without prejudice to Levin's ability to pursue her claims in state court. See Levin v. Lillien, 511 F. App'x 149, 150-51 (3d Cir. 2013). Levin has since done so and also has filed pro se a number of federal actions, including those previously pending at D.N.J. Civ. Nos. 2-14-cv-00856 and 2-13-cv-06022, arising from her state court proceeding.

In the action at issue here, Levin claims that the malpractice defendant's professional liability insurer should not have provided him with a defense in state court. Levin named as defendants "OMSNIC," which she alleges is the malpractice defendant's insurance carrier, "Markus Schechner," which she alleges is the law firm that OMSNIC retained to defend the malpractice defendant in state court, and "LaSalle," which she alleges is an insurance broker. Levin claims that OMSNIC's policy with the malpractice defendant does not cover her claim and "may be" invalid. She further claims that she has been unable to obtain discovery in her state-court action on this issue and that she will not consent to the disclosure of additional medical records (which she claims is necessary in order to correct allegedly false records already produced) until the state court orders the parties to produce proof that the malpractice defendant's OMSNIC policy authorizes OMSNIC to pay for his defense.

On the basis of these and related allegations, Levin asserted claims for (1) "malicious defense," (2) "malicious abuse of process," (3) libel, (4) fraud and (5) violation of her "privacy rights." The District Court granted Levin's motion to proceed

2

in forma pauperis, directed its Clerk to file her complaint, and then sua sponte dismissed it without leave to amend for failure to state a claim. Levin appeals.[1]

In dismissing Levin's complaint, the District Court reasoned that "[p]laintiff's claims stem from a pending [New Jersey] Superior Court matter and defendants' failure to comply with discovery requests in that action that is not a basis upon which to seek relief before this court." The District Court further concluded that amendment of Levin's complaint would be futile. We agree. Having reviewed Levin's complaint de novo, and having construed it liberally, we discern no conceivable basis for any plausible federal claim. Levin also has raised no meaningful challenge to the District Court's ruling on appeal. For these reasons, we will affirm the judgment of the District Court.[2]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We construe the District Court's dismissal as one under 28 U.S.C. § 1915(e)(2)(b)(ii), and we exercise plenary review over such dismissals. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review a dismissal without leave to amend for abuse of discretion. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013).

[2] The District Court did not mention subject matter jurisdiction, but it likely lacked diversity jurisdiction under 28 U.S.C. § 1332 because Levin did not allege complete diversity and alleged instead that one of the defendants is "based in" her home state of New Jersey. The District Court appears to have exercised federal question jurisdiction because it dismissed Levin's complaint for legal insufficiency and the standard for determining when a complaint fails even to invoke the federal courts' subject matter jurisdiction is different. See Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 404-05 (3d Cir. 2012). Nevertheless, the District Court's dismissal is sufficiently similar to a dismissal for lack of subject matter jurisdiction that it should be construed as a dismissal without prejudice to whatever ability Levin may have to pursue her claims in state court, an issue on which we express no opinion. See Levin, 511 F. App'x at 150.

3