14-0930-cv
Giusti v. Morgan Stanley

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of October, two thousand fourteen.

Present:        ROSEMARY S. POOLER,
                REENA RAGGI,
                PETER W. HALL,
                        *Circuit Judges*.
_____

ROBERT M. GIUSTI,

                        *Petitioner-Appellant*,

                v.                                          14-0930-cv

MORGAN STANLEY SMITH BARNEY, LLC,

                        *Defendant-Appellee*.
_____

Appearing for Appellant:        Katie Ambroziak, Robert Giusti, Esq. & Associates, PLLC,
                                Bayside, N.Y.

Appearing for Appellee:         Deborah G. Evans, Michaels, Ward & Rabinovitz, LLP,
                                Boston, Mass.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of dismissal of said District Court be and it hereby is **AFFIRMED**.

Robert M. Giusti appeals from the March 12, 2014 order of the United States District Court for the Southern District of New York (Cote, *J.*), dismissing for lack of subject matter jurisdiction his petition to vacate an arbitration award by the Financial Industry Regulation Authority ("FINRA"). On December 9, 2013, the arbitration panel issued an award against Giusti on Morgan Stanley's claims for breach of contract arising out of Giusti's alleged failure to pay the balance on a promissory note. On March 3, 2014, Giusti filed the present petition in the district court, seeking vacatur of the award on the grounds of arbiter misconduct. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Giusti asserts that the district court had subject matter jurisdiction over his petition to vacate pursuant to Section 10 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 10. It is well settled that the FAA "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (internal quotation marks and alterations omitted) (quoting *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-582 (2008).

The district court correctly concluded that Giusti failed to supply an independent basis for federal jurisdiction. First, both parties concede that diversity jurisdiction is absent because the petitioner is a resident of New York and Morgan Stanley is headquartered in New York. 28 U.S.C. § 1332(a), (c). Second, Giusti's motion to vacate "does not present a question arising under the Constitution, laws or treaties of the United States." *United States v. Am. Soc'y of Composers*, *Authors & Publishers*, 32 F.3d 727, 731 (2d Cir. 1994); 28 U.S.C. § 1331. Federal courts may "look through" a petition to vacate an arbitration award to assess whether, "save for the arbitration agreement," the court would have jurisdiction over "the substantive controversy between the parties." *Vaden*, 556 U.S. at 53 (alterations omitted). Here, the underlying dispute was contractual in nature. Likewise, Giusti's petition to vacate merely alleges procedural and evidentiary errors, but does not claim that the panel acted in "manifest disregard of *federal* law." *Cf. Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000) (emphasis added). Giusti therefore failed to establish that his right to relief "necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks omitted). Accordingly, the district court properly dismissed the petition *sua sponte. See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte.").

Giusti requests that, in the event we find subject matter jurisdiction lacking, we transfer his case to state court pursuant to 28 U.S.C. § 1631. This we cannot do. Section 1631 authorizes a federal court in which a case has been improperly filed to transfer the case to another federal court in which the action or appeal could have been brought. It does not, however, provide for the transfer of an action to state court. *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428-29 (3d Cir. 1983). Specifically, Section 1631 authorizes the transfer of an action "filed in a court *as defined in section 610* of this title or an appeal . . . to any other *such court* in which the action or appeal could have been brought at the time . . . ." 28 U.S.C. § 1631 (emphasis added). Because Section 610 enumerates only federal courts, 28 U.S.C. § 610, we lack the authority to transfer Giusti's petition to a New York court. *See Whitman v. Boats By George, Inc.*, No. 91-CV-792,

1992 WL 57162, at *4 (N.D.N.Y. Mar. 16, 1992).

Accordingly, appellant's motion for transfer is DENIED and the order of dismissal of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3