

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-1995

# Moravian v Rawlins

Precedential or Non-Precedential:

Docket 94-7359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Moravian v Rawlins" (1995). *1995 Decisions.* Paper 288.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/288

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-7359


THE MORAVIAN SCHOOL ADVISORY BOARD OF ST. THOMAS, V.I.

V.

HELEN RAWLINS; THE DEPARTMENT OF LABOR,
GOVERNMENT OF THE VIRGIN ISLANDS

DEPARTMENT OF LABOR, GOVERNMENT OF THE VIRGIN ISLANDS,
Appellant


No. 94-7421


JANE ROGERS, on behalf of herself;
THE ESTATE OF INGRID CORENA ROGERS;
NIRONE PAVON FRANCIS, minor*;
LAUREL SIMONE FRANCIS, minor

V.

GOVERNMENT OF THE VIRGIN ISLANDS;
ST. THOMAS HOSPITAL; ELENA AGUAS, M.D.,
Appellants

* (Amended as per the Clerk's 12/27/94 Order)


ON APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
(D.C. Civil Action Nos. 91-00364 and 93-00055)


Argued April 18, 1995

Before:  BECKER, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion Filed  November 14, 1995)


ROBERT W. BORNHOLT, ESQUIRE (Argued)
FREDERICK HANDLEMAN, ESQUIRE
PAMELA R. TEPPER, ESQUIRE


1

Office of Attorney General of Virgin Islands
Department of Justice
48B-50 Kronprindsens Gade, Suite 1
Charlotte Amalie, St. Thomas
United States Virgin Islands 00802
Attorneys for Appellant Department of Labor

RICHARD R. KNOEPFEL, ESQUIRE
STEVEN L. MIERL, ESQUIRE (Argued)
Briggs, Knoepfel & Ronca
30 Dronningens Gade
P.O. Box 6286
Charlotte Amalie, St. Thomas
United States Virgin Islands 00804
Attorney for Appellants Gov't Virgin Islands,
St. Thomas Hospital and Elena Aguas, M.D.

DENISE R. REOVAN, ESQUIRE (Argued)
4A Commandant Gade
Charlotte Amalie, St. Thomas
United States Virgin Islands 00802
Attorney for Appellee Moravian School

DEBORAH K. ROBINSON, ESQUIRE
Legal Services of the Virgin Islands
57 Dronnigens Gade
Charlotte Amalie, St. Thomas
United States Virgin Islands 00801
Attorney for Appellee Helen Rawlins

RICHARD AUSTIN, ESQUIRE (Argued)
Legal Services of the Virgin Islands
No. 3017 Estate Orange Grove
Christiansted, St. Croix
United States Virgin Islands 00820
Attorney for Appellee Helen Rawlins

LEMUEL F. CALLWOOD, ESQUIRE
VERA D. JEAN, ESQUIRE (Argued)
Law Office of Lemuel F. Callwood
P.O. Box 7397
#1 4th Street Estate Thomas
Charlotte Amalie, St. Thomas
United States Virgin Islands 00801
Attorney for Appellees Jane Rogers,
Estate of Ingrid Corena Rogers,
Nirone Pavon Francis, and
Laurel Simone Francis

NYGAARD, Circuit Judge:

These two appeals were combined for this opinion because the issue in both is whether the District Court of the Virgin Islands, when it lacks subject matter jurisdiction, may nonetheless transfer a cause to the Territorial Court of the Virgin Islands rather than dismiss it. Because we conclude that a district court must dismiss the suit where there is no colorable basis for exercising subject matter jurisdiction, we will reverse and remand both cases with instructions to dismiss.

I.

Helen Rawlins filed a complaint with the Virgin Islands Department of Labor, alleging that she was wrongfully discharged from her employment as a teacher with the Moravian School. She alleged only claims based on territorial law. The hearing officer ruled that Rawlins had been wrongfully discharged and ordered that Moravian reinstate her with back pay. The Moravian School Advisory Board filed a writ of review in the District Court of the Virgin Islands. Rawlins then filed a motion to dismiss based on lack of subject matter jurisdiction.

Moravian, which did not respond to the motion to dismiss, did not then and does not now argue that there is federal jurisdiction over the suit. Nevertheless, the district

court, rather than granting the motion to dismiss, transferred the case to the territorial court.

## II.

One day before the statute of limitations expired, appellee Jane Rogers, on behalf of herself and the estate and heirs of decedent Ingrid Corena Rogers, filed a medical malpractice action in the District Court of the Virgin Islands against St. Thomas Hospital, Elena Aguas, M.D., and the Government of the Virgin Islands, which owns, operates and staffs the hospital. The suit arises from the allegedly negligent treatment given Ingrid Corena Rogers at the hospital, which treatment is alleged to have resulted in her death.

The complaint alleged only medical malpractice and related negligence claims. The defendant-appellants responded with a motion to dismiss for, inter alia, lack of subject matter jurisdiction. The district court stated in the hearing transcript that it would grant the motion to dismiss and transfer the action to the territorial court. However, the court ultimately ordered transfer of the case without mentioning dismissal.

## III.

The U.S. Consititution, Article IV, Section 3 "empowers Congress to establish all necessary rules and regulations concerning the unincorporated territory of the Virgin Islands, including the power to designate the jurisdiction of the District

4

Court and the Territorial Court." Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). Pursuant to this power, in 1954, Congress enacted the Revised Organic Act of the Virgin Islands, Act of July 22, 1954, ch. 558, §§ 22–23, 68 Stat. 497 (codified as amended at 48 U.S.C. § 1541 et seq.), which is "the Virgin Islands' equivalent of a constitution." Brow, 994 F.2d at 1032.

Section 1612 of the 1954 Revised Organic Act set forth the jurisdiction of the District Court of the Virgin Islands, which included jurisdiction over federal questions, regardless of the amount in controversy, and general original jurisdiction over questions of local law, subject to the exclusive jurisdiction of the local courts over civil actions where the amount in controversy was less than $500. Act of July 22, 1954, ch. 558, §§ 22–23, 68 Stat. 506 (amended 1978, 1984); Brow, 994 F.2d at 1032. Section 1613 of the 1954 Act also provided that the local courts shared concurrent jurisdiction with the district court over all actions to the extent jurisdiction was conferred upon them by local law. Act of July 22, 1954, ch. 558, § 23, 68 Stat. 506 (amended 1984); Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1056 n.6 (3d Cir. 1982).

In 1984, Congress amended the Revised Organic Act to impose new limits on the general original jurisdiction of the District Court of the Virgin Islands over cases involving local law. Brow, 994 F.2d at 1033. Specifically, Congress amended § 1612(b) of the Revised Organic Act to grant the district court, in addition to its federal question and diversity jurisdiction, general jurisdiction over "all causes in the Virgin Islands the

5

jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands."  48 U.S.C. § 1612(b).  At the same time, Congress amended § 1611(b) of the 1954 Act, permitting the Virgin Islands legislature to

> vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and the laws of the United States does not have exclusive jurisdiction.  Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 1612(a) [federal question and diversity jurisdiction] and (c) [criminal jurisdiction] of this title.

48 U.S.C. § 1611(b).

Thus, as pertaining to purely local matters, the 1984 amendment eliminated concurrent jurisdiction in the district court if jurisdiction became vested in the local courts of the Virgin Islands.  See Estate Thomas Mall, Inc. v. Territorial Court of the Virgin Islands, 923 F.2d 258, 260 (3d Cir.), cert. denied, 502 U.S. 808, 112 S. Ct. 50 (1991).  Later, under §1611(b), the Virgin Islands legislature amended 4 V.I. Code §76(a) to vest original jurisdiction over all civil actions in the territorial court as of October 1, 1991.  The amended section 76(a) provides:

> Subject to the original jurisdiction conferred on the District Court by section 22 [48 U.S.C. § 1612] of the Revised Organic Act of 1954, as amended, effective October 1, 1991, the Territorial Court shall have original jurisdiction in all civil actions regardless of the amount in controversy....

6

Accordingly, under § 1612(b), the district court was divested of jurisdiction over local civil actions as of October 1, 1991. Brow, 994 F.2d at 1034.

Although this divestiture is most directly applicable where a party files a complaint directly in the district court, as Rogers did, it also applies if a party files a writ of review in the district court, as Moravian did. Section 1421 allows a party to appeal an administrative determination to the district court, which, under section 1423, has the power to "affirm, modify, reverse, or annul the decision or determination reviewed...." However, because the amended section 76(a) divests the district court of jurisdiction over purely local matters, it also implicitly repealed section 1421 as it pertains to local matters. Thus, whether Moravian had filed a writ of review or a complaint, would not change our analysis.

IV.

The Virgin Islands legislature derives its power to legislate from the Revised Organic Act. Brow, 994 F.2d at 1035 n.6. The Act extends legislative power "to all rightful subjects of legislation not inconsistent with this chapter or the laws of the United States made applicable to the Virgin Islands...." 48 U.S.C. § 1574(a); see also 48 U.S.C. § 1574(c) (Virgin Islands legislature may not amend or repeal local laws so as to be inconsistent with Revised Organic Act or laws of the United States applicable to Virgin Islands).

The Revised Organic Act of 1954 permitted the District Court of the Virgin Islands to transfer any action or proceeding

7

brought in the district court to an inferior court established by local law (i.e. the territorial court), as long as the action was within the jurisdiction of the inferior court and the transfer was made in the interest of justice.  1 V.I. Code, Historical Documents, Revised Organic Act of 1954 § 23 ("Any action or proceeding brought in the district court which is within the jurisdiction of an inferior court may be transferred to such inferior court by the district court in the interest of justice.").  Section 32(b) of the Virgin Islands Code, title 4, was enacted pursuant to this section of the Revised Organic Act.  See 4 V.I. Code Ann. § 32 note (Revision Note) (1967) (sections 32(a) and (b) follow the language of §§ 22 and 23 of the Revised Organic Act of 1954).  That section provides:

> Any action or proceeding brought in the
> district court which is within the jurisdic-
> tion of the territorial court may be
> transferred by the district court in the
> interest of justice to the territorial court
> for the proper judicial division.

4 V.I. Code § 32(b).  Similarly, section 77(b) of the Virgin Islands Code states:

> A judge of the district court may, in the
> interest of justice, cause a case or cases
> pending in the territorial court to be
> transferred to the district court and may
> transfer cases pending in the district court
> to the territorial court provided that such
> transferred case is within the jurisdictional
> competence of [the] court to which the
> transfer is made.

4 V.I. Code § 77(b).  Although section 77(b) does not state its origins, presumably, it was also enacted pursuant to § 23 of the Revised Organic Act of 1954.

In the 1984 amendments to the Act, however, Congress deleted the language in § 23 permitting the district court to transfer actions to the inferior courts.  48 U.S.C. § 1613 (1984 amendment).  Once that language was deleted, the Virgin Islands legislature lacked the authority to grant the District Court of the Virgin Islands the power to transfer actions to the territorial court.  Although Congress' intent in deleting the transfer language is not manifest in the 1984 amendment, we may infer that Congress deleted the transfer provision purposefully with the intent to do away with such transfers.

Our disposition of the transfer issue, however, need not turn on inferences alone.  As amended, § 1613 now provides for the relations between the District Court of the Virgin Islands and the territorial court to parallel the relations between the federal courts and the state courts.  48 U.S.C. §1613.  Congress, in turn, has defined the authority of the federal courts to transfer a case as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal...and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court, in which the action or appeal could have been brought at the time it was filed or noticed....

28 U.S.C. § 1631 (emphasis added).  "Court" is defined in § 610 as

9

> the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

28 U.S.C. § 610.

Because §§ 1631 and 610 clearly demonstrate that Congress intended to limit the authority of the federal courts to transfer cases only to other federal courts, we have held that § 1631 provides no authority for a federal court to transfer a case over which it lacks jurisdiction to a state court. McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Ctiff sued in federal district court, alleging, along with state law claims, that the defendant had violated federal securities laws. 683 F.2d at 745. The district court granted summary judgment for the defendant, finding no cause of actiobanc), a district court's transfer of an action to a territorial court, where the district court has no colorable basis for exercising subject matter jurisdiction, is inconsistent with § 1631, made applicable to U.S. territories by § 1613, and thus is outside of the inherent authority of the district court.

Perhaps most significant to our disposition of these cases, however, is Federal Rule of Civil Procedure 12(h)(3), which states that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added). In Bank of Nova Scotia v. United States, 487 U.S. 250,

10

254, 108 S. Ct. 2369, 2373 (1988), the Supreme Court held that a federal court could not invoke its supervisory power "to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)." The Court explained that Rule 52 is "as binding as any statute duly enacted by Congress and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions." Id. at 255, 108 S. Ct. at 2373-74. Rule 12 (h)(3) is equally as binding on us.

Neither Rogers nor Moravian disputes that the district court lacked jurisdiction over their lawsuits. It is clear, therefore, that the district court not only lacked express or implied authority under federal law to transfer these cases to the territorial court, but was expressly compelled by Rule 12(h)(3) to dismiss them. It is equally clear that no such authority to transfer can be derived from the Virgin Islands Code, inasmuch as the laws of the Virgin Islands must be consistent with the laws of the United States. 48 U.S.C. §1574(a). Accordingly, we conclude that the Virgin Islands transfer provisions are invalid to the extent they purport to allow a district court to transfer a case over which it lacks jurisdiction to the territorial court.

The appellees counter that our decision in Weaver v. Marine Bank, 683 F.2d 744 (3d Cir. 1982) allows the district court to transfer a case over which it lacks subject matter jurisdiction to a state or territorial court where a state or territorial statute authorizes the transfer. The appellees'

11

reliance on Weaver is misplaced.  In Weaver, the plaintiff sued in federal district court, alleging, along with state law claims, that the defendant had violated federal securities laws.  683 F.2d at 745.  The district court granted summary judgment for the defendant, finding no cause of action under those laws.  We reversed on appeal, and were in turn reversed by the Supreme Court, which held that the district court's decision to grant summary judgment was correct because the case did not involve a "security" within the scope of federal law.  Id.

On remand, we noted that Pennsylvania authorized transferring a case, improperly brought in federal court, to the proper Pennsylvania court.  Id. at 746.  Nevertheless, we made clear that the district court's power to transfer the case in Weaver was not circumscribed by lack of subject matter jurisdiction:

> We recognize that such a transfer by a district court is an exercise of a power granted not by federal, but state, law. Jurisdiction of a federal court is dependent upon federal statutory authority, but that principle does not control the issue here. Unquestionably, at the time the suit was filed in the district court, there was a colorable federal claim and pendent jurisdiction could properly be assumed.  The question presented then is, whether the district court, once having acquired jurisdiction, can transfer the matter to the state court by virtue of a state enabling statute.  We are persuaded that it can.

Id. at 747 (emphasis added) (footnote omitted).  Finding "no equitable considerations which would bar transfer...," we remanded the matter to the district court with directions to

12

transfer the pendent state claims to the state court. Id. at 748.

These cases present far different situations. Here, the respective appellees never even purported to present a colorable federal question or claim of diversity jurisdiction. Rather, they failed to recognize that the Virgin Islands legislature had divested the district court of jurisdiction over purely local claims, and erroneously filed suit in the district court alleging claims premised solely on local law. From the outset, there never was a basis for federal jurisdiction.

We think the distinction is aptly noted in the dubitante opinion in Weaver, which noted the difference between a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a Rule 12(b)(6) motion to dismiss for failure to state a claim. Id. at 749. "It is only if the former would have succeeded that the district court lacks power to entertain the pendent claim." Id. (Sloviter, J., dubitante opinion) (citing Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946) ("Whether the complaint states cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.")); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 77 (Supp. 1995).

Our decisions since Weaver have emphasized this distinction. In McLaughlin, supra, the plaintiff sued in district court, basing jurisdiction on diversity of citizenship.

721 F.2d at 427. The district court found that there was in fact no diversity of citizenship but, nevertheless, purporting to follow Weaver, transferred the case to Pennsylvania court pursuant to the same Pennsylvania transfer statute at issue in Weaver. Id. at 428.

On appeal, we emphasized that Weaver dealt with a different situation -- one in which "we characterized the state law claim as pendent to plaintiffs' colorable federal claim that defendant had violated section 10(b) of the Securities Exchange Act of 1934...." Id. at 429. We noted that it was doubtful whether the plaintiff in McLaughlin had presented a colorable federal claim, and that "[t]here is a serious question whether the Weaver precedent can be extended to authorize the district court to transfer a state law claim in the absence of any colorable federal claim to which it could have been pendent." Id. at 430. However, we did not reach that question in McLaughlin because, after the district court's transfer order, Pennsylvania amended its transfer statute to permit the preservation of claims filed in federal court, even without the transfer order. Id. Nevertheless, McLaughlin makes clear that Weaver provided no authority for the district court to transfer this case, nor could it provide such authority, given the plain language of Rule 12(h)(3).

More recently, we addressed an analogous situation in Bradgate Assocs. v. Fellows, Read & Assocs., Inc., 999 F.2d 745 (3d Cir. 1993). Bradgate Associates brought a diversity suit in district court and later removed a related state court case

14

between the same parties to the district court. Id. at 747. The two cases were consolidated, but the district court concluded that it lacked diversity jurisdiction and remanded the consolidated case to state court. Id. On appeal, we held that the district court erred by remanding to state court the portion of the case that was originally filed in federal court, and instead should have dismissed that part of the case. We distinguished 28 U.S.C. § 1447(c), which requires a district court to remand a case over which it lacks jurisdiction to the court from which it was removed:

> Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court. In contrast, lack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites. See Weaver v. Marine Bank, 683 F.2d 751 (3d Cir. 1982) (Sloviter, J., dubitante opinion) ("I need cite no authority for the proposition that the power of the federal courts is defined by Article III and the acts of Congress made pursuant thereto. No federal statute authorizes transfer of cases from a federal to a state court.").

Id. at 751 (footnote omitted). We noted that Weaver dealt with pendent state claims following a determination that federal question jurisdiction was lacking. Id. at 751 n. 5. While we also noted that, unlike in Weaver, there was no state transfer statute at issue in Bradgate Associates, the plain language of Rule 12(h)(3) makes clear that, where it appears at the outset that the district court is without subject matter jurisdiction,

15

it is powerless to do anything but dismiss the action.  Weaver is consistent with this rule in that the district court there had jurisdiction because the plaintiff had pleaded a colorable federal claim.  Weaver, 683 F.2d at 747; see also Bell, 327 U.S. at 682, 66 S. Ct. at 776.[*]  There is no such claim in the present case.

V.

We conclude that the district court erred by transferring these cases to the territorial court.  The district court was compelled by Rule 12(h)(3) to dismiss both actions.  Accordingly, we will vacate the transfer orders and remand with instructions to dismiss each cause[*].

The Moravian School Advisory Board of St. Thomas, V.I. v. Helen Rawlins; The Department of Labor, Government of The Virgin Islands Department of Labor, Government of The Virgin Islands, Appellant, No. 94-7359

---

[*] In Brow, we upheld the District Court of the Virgin Islands' order dismissing, for lack of subject matter jurisdiction, an action to enforce an order of the territorial court.  In a footnote, we stated that the district court could have elected to transfer the case to the territorial court pursuant to the Virgin Islands transfer provisions at issue here.  994 F.2d at 1037 n. 10.  However, because this statement was dictum, we are not bound by it, and decline to follow it inasmuch as it is in contradiction with Rule 12(h)(3).

[*] Without prejudging the matter, we note that Rogers, in particular, may not be totally without remedy as she may have an action against her attorney for malpractice.  Her medical malpractice action was filed in the district court on April 5, 1993, more than a year and a half after October 1, 1991, when the local legislature vested jurisdiction over such matters in the territorial court.

16

Jane Rogers, on behalf of herself; THE ESTATE OF INGRID CORENA ROGERS; NIRONE PAVON FRANCIS, minor; LAUREL SIMONE FRANCIS, minor v. GOVERNMENT OF THE VIRGIN ISLANDS; ST. THOMAS HOSPITAL; ELENA AGUAS, M.D., No. 94-7421

BECKER, Circuit Judge, concurring and dissenting.

The majority believes the district court's transfer of Ms. Rogers' and Moravian's claims to the territorial court is inappropriate for three reasons. I find its first two reasons (centering on the change in language of 4 V.I. Code § 23 and on an analysis of 28 U.S.C. § 1631 and 48 U.S.C. § 1613) unpersuasive. I agree in principle with the third prong of the majority's analysis (centering on Federal Rule of Civil Procedure 12(h)(3)) but believe that it counsels remand of Moravian's case for reevaluation of the jurisdictional issue. While Rule 12(h)(3) precludes transfer of Rogers' claim, this result so troubles me that I am prompted to recommend to the Virgin Islands Senate that it enact savings legislation that would, in the future, save claims such as those of Rogers and Moravian from extinction.

I.

Under the Revised Organic Act of 1954, the District Court of the Virgin Islands was permitted to transfer any action brought in the district court to the territorial court. 4 V.I. Code, Historical Documents, Revised Organic Act of 1954 § 23. In

17

1984, as part of a comprehensive restructuring of Virgin Islands jurisdiction, Congress amended § 23 by deleting the language that authorized such transfers.  See 48 U.S.C. § 1613, note (1984 Amendment).  The majority infers that this deletion evinces congressional intent to prohibit such transfers.  I disagree. Deciphering congressional silence is always a tricky business. This is especially true when, as here, Congress authorizes a total restructuring with sweeping legislation.  In such circumstances, no reasonable inference can be drawn from Congress' deletion of any particular provision.

To further buttress its inferential argument that the District Court of the Virgin Islands may not lawfully transfer a case to the Territorial Court of the Virgin Islands, the majority relies upon 28 U.S.C. § 1631 and 48 U.S.C. § 1613.  According to the majority, § 1613 "provides for the relations between the District Court of the Virgin Islands and the territorial court to parallel the relations between the federal courts and the state courts."[0]  The majority further explains that § 1631 "limits the authority of the federal courts to transfer cases only to other

_____

[0] That section reads:

> The relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, and other matters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings.

48 U.S.C. § 1613.

federal courts." (Emphasis added).[0] Thus, federal courts may not transfer cases to state courts and, via § 1613, the District Court of the Virgin Islands may not transfer cases to the Territorial Court of the Virgin Islands.

In my view, the majority has mischaracterized § 1631. Section 1631 is an efficiency-oriented provision that governs transfers of cases between federal courts. The problem with the majority's analysis is that, as I document in footnote 3, the federal transfer provision, § 1631, deals <u>only</u> with the relations of different federal courts to each other.[0] See also McLaughlin

---

[0]The Section provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal . . . and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal <u>to any other such court</u>, in which the action or appeal could have been brought at the time it was filed or noticed.

28 U.S.C. § 1631 (emphasis added).

"Court" is defined in § 610 as, "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610.

[0]<u>See</u> S. Rep. No. 275, 97th Cong., 1st Sess. 11 (1981), which explains the purpose of 28 U.S.C. § 1631 as follows:

> In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more <u>federal courts</u> including courts at both the trial and appellate level--have subject matter jurisdiction over certain categories of civil actions. The problem has been particularly acute in the area of administrative law where misfilings and dual filings have become commonplace. The uncertainty in some statutes regarding which court has review authority

19

v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983). This has two implications. First, § 1631's failure to authorize transfers to state courts cannot fairly be read to proscribe such transfers. Second, § 1631 does not pertain to "relations between" federal and state courts and thus does not, via § 1613, affect the relations between the district and territorial courts of the Virgin Islands.

Thus, the only legal impediment to transferring cases to the territorial court is Federal Rule of Civil Procedure 12(h)(3). This rule states that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (Emphasis added). Consistent with principles announced by this court in Weaver v. Marine Bank, 683 F.2d 744 (3d Cir. 1982), and McLaughlin v. Arco Polymers, Inc., 721 F.2d 426 (3d Cir. 1983), the majority interprets Rule

creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedures.
   At present, the litigant's main protective device, absent an adequate transfer statute is the wasteful and costly one of filing in two or more courts at the same time. This puts increased burdens on the courts as well as on the parties.
   Although most problems in this regard relate to controversies involving the district courts and the court of appeals, there also have been cases involving the Court of International Trade, and the Temporary Emergency Court of Appeals. Therefore, the language of Part A of Title III [§ 1631] is broadly drafted to permit transfer between any two federal courts.

Thus, this statute was written to cover federal transfers. It has nothing to say on the issue of transfers between federal and state courts.

20

12(h)(3) to bar transfer of an action when the court lacks subject matter jurisdiction. I agree. With this in mind, the majority correctly concludes that Ms. Rogers' case should be remanded with instructions to dismiss.

Contrary to the majority's suggestion, however, Moravian's case cannot be disposed of similarly. In her complaint filed with the Virgin Islands Department of Labor, Ms. Rawlins may have alleged a colorable federal claim of age and national origin discrimination. She averred, inter alia, that:

> The employment practices at Memorial Moravian School, as well as its forms and conditions of employment have a disparate impact on persons who are of different national origin and are in the protected age group. For example:
>
> [A]. The majority of the faculty members are not in the protected age group. B. Rev. Peters favors recruiting persons who are from the former British Colonies of the West Indies, as he is. I am a native Virgin Islander. C. Persons who have been absent from work due to sickness or any other leave of absences did not have their employment affected as mine was. D. The person who replaced me (Mrs. Ham) is not in the protected age group, and is from one of the former British Colonies of the West Indies." (Complaint In Re Helen Rawlins, WD-005-90-STT – pages 1-3).

21

If Ms. Rawlins' originally alleged federal claims, such claims might provide an adequate basis for supplemental jurisdiction over her state law claims, see 28 U.S.C. § 1367, and thereby support Moravian's contention that the district court has the power to transfer. I would remand to the district court for determination of what claims Ms. Rawlins asserted and whether they support supplemental jurisdiction. If the court concludes that it has supplemental jurisdiction over Ms. Rawlins' state law claims, it should transfer them pursuant to 4 V.I. Code §§ 32(b), 77(b).[o] If not, it should dismiss them.

## II.

---

[o]Section 32(b) provides:

> Any action or proceeding brought in the district court which is within the jurisdiction of the territorial court may be transferred by the district court in the interest of justice to the territorial court for the proper division.

4 V.I. Code § 32(b).

Section 77(b) provides:

> A judge of the district court may, in the interest of justice, cause a case or cases pending in the territorial court to be transferred to the district court and may transfer cases pending in the district court to the territorial court provided that such transferred case is within the jurisdictional competence of [the] court to which the transfer is made.

4 V.I. Code § 77(b).

While I must agree with the majority's conclusion as to Ms. Rogers' claim, I am nonetheless troubled by it. In 1984, Congress set in motion a restructuring of the entire Virgin Islands' judicial system. This restructuring divested the District Court of the Virgin Islands of its purely local jurisdiction and transferred it to the Territorial Court of the Virgin Islands. See generally Brow v. Farrelly, 994 F.2d 1027, 1034 (3d Cir. 1993). Congress must have known that significant confusion including cases being filed in the wrong court would result during this restructuring.[0] Allowing numerous actions to lapse due to statutory confusion seems improvident, and this rings especially true in the Virgin Islands. Deeply ingrained into the Virgin Islands legal culture is a policy of eschewing technical niceties in favor of hearing cases on the merits and effecting substantial justice.

In Ms. Rogers' case, the plaintiff's serious medical malpractice claim was filed in a timely manner, but the statute of limitations has now expired. Given Rule 12(h)(3), this improperly filed claim cannot be transferred to the appropriate court. The availability of a malpractice suit against a lawyer who may have various defenses or be uninsured and impecunious provides scant relief. To avoid this unduly harsh result, I urge the Virgin Islands Legislature to enact a savings statute, like the one in Pennsylvania, 42 Pa. Cons. Stat. Ann. § 5103(b)

---

[0] For example, on February 3, 1993, Chief Judge Moore found it necessary to issue a memorandum of the entire Virgin Islands Bar on where writs of review should be filed.

23

(1995), which would allow preservation of claims filed in federal court without the necessity of a transfer order. Such a statute would permit litigants to refile cases dismissed by a district court for lack of subject matter jurisdiction in a state court simply by filing a certified transcript of the district court proceedings with the appropriate state authority. To eliminate any time limitation problems, the savings statute would allow litigants to use the date the federal suit was instituted as the filing date for the state law claim.[0] In this manner, a savings statute would facilitate the efficient dispensation of justice throughout the Virgin Islands.

---

[0]See <u>McLaughlin v. Arco Polymers, Inc.</u>, 721 F.2d 426, 430-431 (3d Cir. 1983), for a further description of the Pennsylvania savings statute.