OPINION OF THE COURT
NYGAARD, Circuit Judge
These two appeals were combined for this opinion because the issue in both is whether the District Court of the Virgin Islands, when it lacks subject matter jurisdiction, may nonetheless transfer a cause to the Territorial Court of the Virgin Islands rather than dismiss it. Because we conclude that a district court must dismiss the suit where there is no colorable basis for exercising subject matter jurisdiction, we will reverse and remand both cases with instructions to dismiss.
I.
Helen Rawlins filed a complaint with the Virgin Islands Department of Labor, alleging that she was wrongfully discharged from her employment as a teacher with the Moravian School. She alleged only claims based on territorial law. The hearing officer ruled that Rawlins had been wrongfully discharged and ordered *283 that Moravian reinstate her with back pay. The Moravian School Advisory Board filed a writ of review in the District Court of the Virgin Islands. Rawlins then filed a motion to dismiss based on lack of subject matter jurisdiction.
Moravian, which did not respond to the motion to dismiss, did not then and does not now argue that there is federal jurisdiction over the suit. Nevertheless, the district court, rather than granting the motion to dismiss, transferred the case to the territorial court.
II.
One day before the statute of limitations expired, appellee Jane Rogers, on behalf of herself and the estate and heirs of decedent Ingrid Corena Rogers, filed a medical malpractice action in the District Court of the Virgin Islands against St. Thomas Hospital, Elena Aguas, M.D., and the Government of the Virgin Islands, which owns, operates and staffs the hospital. The suit arises from the allegedly negligent treatment given Ingrid Corena Rogers at the hospital, which treatment is alleged to have resulted in her death.
The complaint alleged only medical malpractice and related negligence claims. The defendant-appellants responded with a motion to dismiss for, inter alia, lack of subject matter jurisdiction. The district court stated in the hearing transcript that it would grant the motion to dismiss and transfer the action to the territorial court. However, the court ultimately ordered transfer of the case without mentioning dismissal.
III.
The U.S. Constitution, Article IV, Section 3 "empowers Congress to establish all necessary rules and regulations concerning the unincorporated territory of the Virgin Islands, including the power to designate the jurisdiction of the District Court and the Territorial Court." Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). Pursuant to this power, in 1954, Congress enacted the Revised Organic Act of the Virgin Islands, Act of July 22, 1954, ch. 558, §§ 22-23, 68 Stat. 497 (codified as amended at 48 U.S.C. § 1541 et seq.), which is "the Virgin Islands' equivalent of a constitution." Brow, 994 F.2d at 1032.
*284 Section 1612 of the 1954 Revised Organic Act set forth the jurisdiction of the District Court of the Virgin Islands, which included jurisdiction over federal questions, regardless of the amount in controversy, and general original jurisdiction over questions of local law, subject to the exclusive jurisdiction of the local courts over civil actions where the amount in controversy was less than $ 500. Act of July 22, 1954, ch. 558, §§ 22-23, 68 Stat. 506 (amended 1978, 1984); Brow, 994 F.2d at 1032. Section 1613 of the 1954 Act also provided that the local courts shared concurrent jurisdiction with the district court over all actions to the extent jurisdiction was conferred upon them by local law. Act of July 22, 1954, ch. 558, § 23, 68 Stat. 506 (amended 1984); Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1056 n.6 (3d Cir. 1982).
In 1984, Congress amended the Revised Organic Act to impose new limits on the general original jurisdiction of the District Court of the Virgin Islands over cases involving local law. Brow, 994 F.2d at 1033. Specifically, Congress amended § 1612(b) of the Revised Organic Act to grant the district court, in addition to its federal question and diversity jurisdiction, general jurisdiction over "all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands." 48 U.S.C. § 1612(b). At the same time, Congress amended § 1611(b) of the 1954 Act, permitting the Virgin Islands legislature to
vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and the laws of the United States does not have exclusive jurisdiction. Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 1612(a) [federal question and diversity jurisdiction] and (c) [criminal jurisdiction] of this title.
48 U.S.C. § 1611(b).
Thus, as pertaining to purely local matters, the 1984 amendment eliminated concurrent jurisdiction in the district court if jurisdiction became vested in the local courts of the Virgin Islands. See Estate Thomas Mall, Inc. v. Territorial Court of the Virgin Islands, 923 F.2d 258, 260 (3d Cir.), cert. denied, 502 U.S. 808, 112 S. *285 Ct. 50, 116 L. Ed. 2d 28 (1991). Later, under § 1611(b), the Virgin Islands legislature amended 4 V.I. Code § 76(a) to vest original jurisdiction over all civil actions in the territorial court as of October 1, 1991. The amended section 76(a) provides:
Subject to the original jurisdiction conferred on the District Court by section 22 [48 U.S.C. § 1612] of the Revised Organic Act of 1954, as amended, effective October 1, 1991, the Territorial Court shall have original jurisdiction in all civil actions regardless of the amount in controversy. . . .
Accordingly, under § 1612(b), the district court was divested of jurisdiction over local civil actions as of October 1,1991. Brow, 994 F.2d at 1034.
Although this divestiture is most directly applicable where a party files a complaint directly in the district court, as Rogers did, it also applies if a party files a writ of review in the district court, as Moravian did. Section 1421 allows a party to appeal an administrative determination to the district court, which, under section 1423, has the power to "affirm, modify, reverse, or annul the decision or determination reviewed. . . ." However, because the amended section 76(a) divests the district court of jurisdiction over purely local matters, it also implicitly repealed section 1421 as it pertains to local matters. Thus, whether Moravian had filed a writ of review or a complaint, would not change our analysis.
IV.
The Virgin Islands legislature derives its power to legislate from the Revised Organic Act. Brow, 994 F2d at 1035 n.6. The Act extends legislative power "to all rightful subjects of legislation not inconsistent with this chapter or the laws of the United States made applicable to the Virgin Islands. . . ." 48 U.S.C. § 1574(a); see also 48 U.S.C. § 1574(c) (Virgin Islands legislature may not amend or repeal local laws so as to be inconsistent with Revised Organic Act or laws of the United States applicable to Virgin Islands).
The Revised Organic Act of 1954 permitted the District Court of the Virgin Islands to transfer any action or proceeding brought in the district court to an inferior court established by local law (i.e. *286 the territorial court), as long as the action was within the jurisdiction of the inferior court and the transfer was made in the interest of justice. 1 V.I. Code, Historical Documents, Revised Organic Act of 1954 § 23 ("Any action or proceeding brought in the district court which is within the jurisdiction of an inferior court may be transferred to such inferior court by the district court in the interest of justice."). Section 32(b) of the Virgin Islands Code, title 4, was enacted pursuant to this section of the Revised Organic Act. See 4 V.I. Code Ann. § 32 note (Revision Note) (1967) (sections 32(a) and (b) follow the language of §§ 22 and 23 of the Revised Organic Act of 1954). That section provides:
Any action or proceeding brought in the district court which is within the jurisdiction of the territorial court may be transferred by the district court in the interest of justice to the territorial court for the proper judicial division.
4 V.I. Code § 32(b). Similarly, section 77(b) of the Virgin Islands Code states:
A judge of the district court may, in the interest of justice, cause a case or cases pending in the territorial court to be transferred to the district court and may transfer cases pending in the district court to the territorial court provided that such transferred case is within the jurisdictional competence of [the] court to which the transfer is made.
4 V.I. Code § 77(b). Although section 77(b) does not state its origins, presumably, it was also enacted pursuant to § 23 of the Revised Organic Act of 1954.
In the 1984 amendments to the Act, however, Congress deleted the language in § 23 permitting the district court to transfer actions to the inferior courts. 48 U.S.C. § 1613 (1984 amendment). Once that language was deleted, the Virgin Islands legislature lacked the authority to grant the District Court of the Virgin Islands the power to transfer actions to the territorial court. Although Congress' intent in deleting the transfer language is not manifest in the 1984 amendment, we may infer that Congress deleted the transfer provision purposefully with the intent to do away with such transfers.
*287 Our disposition of the transfer issue, however, need not turn on inferences alone. As amended, § 1613 now provides for the relations between the District Court of the Virgin Islands and the territorial court to parallel the relations between the federal courts and the state courts. 48 U.S.C. § 1613. Congress, in turn, has defined the authority of the federal courts to transfer a case as follows:
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal. . .and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court, in which the action or appeal could have been brought at the time it was filed or noticed. . . .
28 U.S.C. § 1631 (emphasis added). "Court" is defined in § 610 as
the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.
28 U.S.C. § 610.
Because §§ 1631 and 610 clearly demonstrate that Congress intended to limit the authority of the federal courts to transfer cases only to other federal courts, we have held that § 1631 provides no authority for a federal court to transfer a case over which it lacks jurisdiction to a state court. McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983). Furthermore, because a federal court "may not exercise its inherent authority in a manner inconsistent with rule or statute," e.g., G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 652 (7th Cir. 1989) (en banc), a district court7s transfer of an action to a territorial court, where the district court has no colorable basis for exercising subject matter jurisdiction, is inconsistent with § 1631, made applicable to U.S. territories by § 1613, and thus is outside of the inherent authority of the district court.
Perhaps most significant to our disposition of these cases, however, is Federal Rule of Civil Procedure 12(h)(3), which states *288 that, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added). In Bank of Nova Scotia v. United States, 487 U.S. 250, 254, 108 S. Ct. 2369, 2373, 101 L. Ed. 2d 228 (1988), the Supreme Court held that a federal court could not invoke its supervisory power "to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)." The Court explained that Rule 52 is "as binding as any statute duly enacted by Congress and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions." Id. at 255,108 S. Ct. at 2373-74. Rule 12 (h)(3) is equally as binding on us.
Neither Rogers nor Moravian disputes that the district court lacked jurisdiction over their lawsuits. It is clear, therefore, that the district court not only lacked express or implied authority under federal law to transfer these cases to the territorial court, but was expressly compelled by Rule 12(h)(3) to dismiss them. It is equally clear that no such authority to transfer can be derived from the Virgin Islands Code, inasmuch as the laws of the Virgin Islands must be consistent with the laws of the United States. 48 U.S.C. § 1574(a). Accordingly, we conclude that the Virgin Islands transfer provisions are invalid to the extent they purport to allow a district court to transfer a case over which it lacks jurisdiction to the territorial court.
The appellees counter that our decision in Weaver v. Marine Bank, 683 F.2d 744 (3d Cir. 1982) allows the district court to transfer a case over which it lacks subject matter jurisdiction to a state or territorial court where a state or territorial statute authorizes the transfer. The appellees' reliance on Weaver is misplaced. In Weaver, the plaintiff sued in federal district court, alleging, along with state law claims, that the defendant had violated federal securities laws. 683 F.2d at 745. The district court granted summary judgment for the defendant, finding no cause of action under those laws. We reversed on appeal, and were in turn reversed by the Supreme Court, which held that the district court's decision to grant summary judgment was correct because the case did not involve a "security" within the scope of federal law. Id.
*289 On remand, we noted that Pennsylvania authorized transferring a case, improperly brought in federal court, to the proper Pennsylvania court. Id. at 746. Nevertheless, we made clear that the district court's power to transfer the case in Weaver was not circumscribed by lack of subject matter jurisdiction:
We recognize that such a transfer by a district court is an exercise of a power granted not by federal, but state, law. Jurisdiction of a federal court is dependent upon federal statutory authority, but that principle does not control the issue here. Unquestionably, at the time the suit was filed in the district court, there was a colorable federal claim and pendent jurisdiction could properly be assumed. The question presented then is, whether the district court, once having acquired jurisdiction, can transfer the matter to the state court by virtue of a state enabling statute. We are persuaded that it can.
Id. at 747 (emphasis added) (footnote omitted). Finding "no equitable considerations which would bar transfer. . .," we remanded the matter to the district court with directions to transfer the pendent state claims to the state court. Id. at 748.
These cases present far different situations. Here, the respective appellees never even purported to present a colorable federal question or claim of diversity jurisdiction. Rather, they failed to recognize that the Virgin Islands legislature had divested the district court of jurisdiction over purely local claims, and erroneously filed suit in the district court alleging claims premised solely on local law. From the outset, there never was a basis for federal jurisdiction.
We think the distinction is aptly noted in the dubitante opinion in Weaver, which noted the difference between a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a Rule 12(b)(6) motion to dismiss for failure to state a claim. Id. at 749. "It is only if the former would have succeeded that the district court lacks power to entertain the pendent claim." Id. (Sloviter, J., dubitante opinion) (citing Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) ("Whether the complaint states cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the *290 court has assumed jurisdiction over the controversy.")); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 77 (Supp. 1995).
Our decisions since Weaver have emphasized this distinction. In McLaughlin, supra, the plaintiff sued in district court, basing jurisdiction on diversity of citizenship. 721 F.2d at 427. The district court found that there was in fact no diversity of citizenship but, nevertheless, purporting to follow Weaver, transferred the case to Pennsylvania court pursuant to the same Pennsylvania transfer statute at issue in Weaver. Id. at 428.
On appeal, we emphasized that Weaver dealt with a different situation — one in which "we characterized the state law claim as pendent to plaintiffs' colorable federal claim that defendant had violated section 10(b) of the Securities Exchange Act of 1934. . . ." Id. at 429. We noted that it was doubtful whether the plaintiff in McLaughlin had presented a colorable federal claim, and that "there is a serious question whether the Weaver precedent can be extended to authorize the district court to transfer a state law claim in the absence of any colorable federal claim to which it could have been pendent." Id. at 430. Piowever, we did not reach that question in McLaughlin because, after the district court's transfer order, Pennsylvania amended its transfer statute to permit the preservation of claims filed in federal court, even without the transfer order. Id. Nevertheless, McLaughlin makes clear that Weaver provided no authority for the district court to transfer this case, nor could it provide such authority, given the plain language of Rule 12(h)(3).
More recently, we addressed an analogous situation in Bradgate Assocs. v. Fellows, Read & Assocs., Inc., 999 F.2d 745 (3d Cir. 1993). Bradgate Associates brought a diversity suit in district court and later removed a related state court case between the same parties to the district court. Id. at 747. The two cases were consolidated, but the district court concluded that it lacked diversity jurisdiction and remanded the consolidated case to state court. Id. On appeal, we held that the district court erred by remanding to state court the portion of the case that was originally filed in federal court, and instead should have dismissed that part of the case. We distinguished 28 U.S.C. § 1447(c), which requires a *291 district court to remand a case over which it lacks jurisdiction to the court from which it was removed:
Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court. In contrast, lack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites. See Weaver v. Marine Bank, 683 F.2d at 751 (3d Cir. 1982) (Sloviter, J., dubitante opinion) ("I need cite no authority for the proposition that the power of the federal courts is defined by Article III and the acts of Congress made pursuant thereto. No federal statute authorizes transfer of cases from a federal to a state court.").
Id. at 751 (footnote omitted). We noted that Weaver dealt with pendent state claims following a determination that federal question jurisdiction was lacking. Id. at 751 n. 5. While we also noted that, unlike in Weaver, there was no state transfer statute at issue in Bradgate Associates, the plain language of Rule 12(h)(3) makes clear that, where it appears at the outset that the district court is without subject matter jurisdiction, it is powerless to do anything but dismiss the action. Weaver is consistent with this rule in that the district court there had jurisdiction because the plaintiff had pleaded a colorable federal claim. Weaver, 683 F.2d at 747; see also Bell, 327 U.S. at 682, 66 S. Ct. at 776.[1] There is no such claim in the present case.
V.
We conclude that the district court erred by transferring these cases to the territorial court. The district court was compelled by Rule 12(h)(3) to dismiss both actions. Accordingly, we will vacate *292 the transfer orders and remand with instructions to dismiss each cause.[2]

 In Brow, we upheld the District Court of the Virgin Islands'' order dismissing, for lack of subject matter jurisdiction, an action to enforce an order of the territorial court. In a footnote, we stated that the district court could have elected to transfer the case to the territorial court pursuant to the Virgin Islands transfer provisions at issue here. 994 F.2d at 1037 n. 10. However, because this statement was dictum, we are not bound by it, and decline to follow it inasmuch as it is in contradiction with Rule 12(h)(3).

 Without prejudging the matter, we note that Rogers, in particular, may not be totally without remedy as she may have an action against her attorney for malpractice. Her medical malpractice action was filed in the district court on April 5,1993, more than a year and a half after October 1,1991, when the local legislature vested jurisdiction over such matters in the territorial court.