**WILLIAM TRUSDALE, Plaintiff**

**v.**

**VIRGIN ISLANDS TAX REVIEW BOARD, Defendant**

**JAQUEL DAWSON, Plaintiff**

**v.**

**GOVERNMENT EMPLOYEE SERVICE, Defendant**

Civ. Nos. 1994-146, 1992-10

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 15, 1996

Nancy D'Anna, Esq., *for Plaintiffs*

JULIO BRADY, ESQ., *for Defendants*

MOORE, *Chief Judge*

### MEMORANDUM OPINION

■■ These petitions for writs of review of rulings of various agencies of the Virgin Islands Government were initially and erroneously filed in this Court after all jurisdiction over such purely local matters had been transferred to the Territorial Court, effective October 1, 1991, by the legislation in 4 V.I. Code § 76(a) as enabled by the Revised Organic Act of 1954.[1] In an effort to allow the disputes to be resolved on the merits, and after consultation with the Presiding Judge of the Territorial Court, the matters were transferred to the Territorial Court pursuant to 4 V.I. Code § 77(b) on November 30, 1994 in *Trusdale* and on June 12, 1995 in *Dawson*. After these transfers, the United States Court of Appeals for the Third Circuit announced its decision in *Moravian School Advisory Board of St. Thomas, V.I. v. Rawlins*, 33 V.I. 280, 70 F.3d 270 (3d Cir 1995), which held that the District Court of the Virgin Islands no longer has any jurisdiction to transfer cases to the Territorial Court. Apparently interpreting *Moravian* as having retroactive application, judges of the Territorial Court have attempted to transfer these cases back to the District Court, claiming that under *Moravian*, the District Court did not have the power to transfer the cases to the Territorial Court in the first place.

■ Before addressing the retroactivity question, we note that under existing statutes and the *Moravian* decision it is clear that the Territorial Court has no authority to transfer these purely local cases to this Court,[2] just as this Court presently has no basis in law to transfer such cases anywhere but to another federal court. In

---

[1] 48 U.S.C. §§ 1541-1645, reprinted in V.I. Code Ann., Historical Documents, 73-177, (codified as amended) (1995) ("Revised Organic Act").

[2] There has never been any legal basis in the Revised Organic Act or the Virgin Islands Code for the Territorial Court to transfer matters to the District Court, either before or after *Moravian School Advisory Board of St. Thomas, V.I. v. Rawlins*, 33 V.I. 280, 70 F.3d 270 (3d Cir. 1995). As the Court of Appeals pointed out and on which it partly based its decision, the 1984 amendments to the Revised Organic Act not only deleted this Court's authorization to transfer cases to the Territorial Court, it provided for "the relations between the District Court of the Virgin Islands and the territorial court to parallel the

terms of retroactivity, it is clear that *Moravian* does not apply retroactively to these matters under applicable Supreme Court precedent. We accordingly suggest that these writs of review were correctly transferred to the Territorial Court where they can be resolved in a proper jurisdictional forum. *Post-Moravian*, this Court has no jurisdiction to exercise any authority over such purely local civil matters, absent some independent basis for federal jurisdiction, *e.g.*, supplemental jurisdiction (28 U.S.C. § 1367) or removal (28 U.S.C. §§ 1441-52).

The Supreme Court announced the standard for determining whether a law should be applied retroactively, *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-107, 30 L. Ed. 2d 296, 92 S. Ct. 349 (1971), listing three factors to be considered:

(1) "The decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . ."

(2) The court should "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation . . . ."

(3) The court should determine whether "a decision of this Court could produce substantial inequitable results if applied retroactively, . . . [providing] ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." (citations omitted). The *Chevron* Court made clear that these factors should be weighed by the lower courts in determining whether retroactive application is proper, but that prospective application may be justified on the basis of two or even one of these factors. *Id.* at 108.

In *Chevron*, the Supreme Court was dealing with a change in applicable statutes of limitations in maritime law. Plaintiff Huson had been injured on an oil rig, and sued under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 ["Lands Act"], which governs injuries occurring on fixed structures on the Outer

relations between the federal courts and the state courts." *Id.* at 274 (construing Revised Organic Act § 23, 48 U.S.C. § 1613).

Continental Shelf. At the time Huson filed suit, there was a line of federal cases which held that general admiralty law, including the equitable doctrine of laches, applied to such personal injury suits. While the case was in pre-trial discovery, the Supreme Court announced the decision in *Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 23 L. Ed. 2d 360, 89 S. Ct. 1835 (1968), which held that the law of the adjoining state, and not general admiralty law, applied to tort actions such as Huson's brought under the Lands Act. Relying on and applying *Rodrigue* retroactively, the district court held that Louisiana's one year statute of limitations applied to Huson's case, and that his action was therefore time-barred. On appeal, Huson argued that *Rodrigue* should not have been applied retroactively to bar actions filed before the date of its announcement. The Supreme Court found that a change which applied a more strict period of limitations should not be applied retroactively because the decision represented a new principle of law, because the purpose of affording familiar remedies to plaintiffs would be harmed by a retroactive application, and because holding plaintiffs to a standard of which they were previously unaware would produce the most "substantial inequitable results." *Chevron*, 404 U.S. at 108.

The situations in *Trusdale* and *Dawson* are very similar to *Chevron*. In both cases, statutes of limitations are at issue. These cases were filed and transferred to the Territorial Court before *Moravian* was decided. Now, after *Moravian*, the issue is whether that transfer was void and, in effect, the cases are still pending in the District Court, which would be without jurisdiction to exercise any authority over them. Moreover, the plaintiffs would likely be unable to refile in the Territorial Court due to applicable statute of limitations. In such instances, the rationale of *Chevron* dictates that *Moravian* not be applied retroactively.

Further, the rule announced in *Moravian* was clearly a new rule of law, which construed federal law under the Revised Organic Act as depriving this Court of jurisdiction or authority to transfer these types of cases. This resolved a lingering question since the Virgin Islands legislature had removed the jurisdiction over local matters from the District Court pursuant to 4 V.I.C. § 76, but had not made any correlative changes in the provisions of the Virgin Islands

Code which on their faces continue to give this Court authority to transfer cases to the Territorial Court under 4 V.I.C. §§ 32(b) and 77(b).[3] *Moravian* makes clear that this is the first time this question has been resolved judicially, and therefore, it announced a new rule of law.

Second, the purpose of *Moravian* was to honor and implement the intent of Congress to make relations between the District Court and the Territorial Court the same as those of United States District Courts and State Courts. The purported transfer of these cases by the Territorial Court back to this Court would thwart that intent, by bringing purely local matters back before the District Court. The second factor of *Chevron*, advancing the purpose of the decision being examined, thus also weighs against a retroactive application.

■ Under the third *Chevron* factor, applying *Moravian* retroactively would result in an inequitable result, as these writs of review necessarily would have to be dismissed by this Court for lack of subject matter jurisdiction. The plaintiffs most likely would then be without remedy because the statute of limitations would prevent refiling in the Territorial Court. This Court's pre-*Moravian* transfer to the Territorial Court reposed these local cases in the appropriate court with jurisdiction to decide them. In this jurisdiction, courts favor cases being resolved on their merits,[4] which will be prevented if *Moravian* is applied retroactively.

Applying *Moravian* prospectively is also in harmony with previous cases decided in the *District of the Virgin Islands and the Third Circuit. In Hark v. Antilles Airboats, Inc.*, 355 F. Supp. 683 (D.V.I. 1973), the Court stated that it would only apply a precedent prospectively, because that precedent overturned settled law to the contrary, and because of the penalizing effect of relying on the previous rule in regard to statutes of limitations. *Id.* at 686, n. 3. *See also Pratt v. Thornburgh*, 807 F.2d 355 (3d Cir. 1986); *Cohn v. G.D. Searle & Co.*, 784 F.2d 460 (3d Cir. 1985); *McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968) (en banc).

---

[3] Indeed, the Court of Appeals had fairly recently seemed to imply that this Court retained authority to transfer cases to the Territorial Court under these two provisions. *See, Virgin Islands Housing Authority v. Coastal General Construction Services Corp.*, 27 F.3d 911, 917 (3d Cir.1994); *Brow v. Farrelly*, 28 V.I. 345, 994 F.2d 1027, 1037 n.10 (3d Cir. 1993).

[4] *See, e.g., Skinner v. Guess*, 27 V.I. 193, 196 (D.V.I. App. 1992).

Since any transfer which took place before *Moravian* was announced should be unaffected by the ruling in that decision, *Trusdale* and *Dawson* are properly before the Territorial Court and any suggestion that they can be transferred to this court is without any legal basis. Accordingly, this Court is incapable of accepting these purported transfers and they remain before the Territorial Court. An appropriate order shall be entered.

DATED this 14th day of November, 1996.

### ORDER

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that these cases are NOT ACCEPTED BY THE DISTRICT COURT and THE PAPERS PURPORTING TO TRANS-FER THEM TO THIS COURT ARE RETURNED TO THE TERRITORIAL COURT.

DATED this 14th day of November, 1996.