**GARY E. BERNE, individually and in the right of and for the benefit of B&B CORPORATION, BERNE CORPORATION, and GERARD LOUIS BERNE TRUST, Plaintiff**

**v.**

**LOUIS BOSCHULTE, GUSTAVE A DANIELSON, MARJORIE LEWIS, and DELSA CAPDEVILLE, Defendants**

Civ. No. 1997-228

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 28, 1998

JAMES M. DERR, ESQ., (Law Offices of James Derr), St. Thomas, U.S.V.I., *for plaintiff*

ALAN D. SMITH, ESQ., (Hodge and Francois, P.C.), St. Thomas, U.S.V.I., *for defendants*

Thomas K. Moore, *Chief Judge*

### MEMORANDUM

Defendants' have moved to dismiss this action for want of subject matter jurisdiction. Since that motion will be granted, plaintiff's application for a temporary restraining order need not be decided.

### FACTS

It is conceded by all parties that plaintiff, Gary Berne, as well as the corporate entities and the trust on whose behalf he has filed suit are all domiciliaries of the Virgin Islands. Mr. Berne and the

Gerard Louis Berne Revocable Trust ["Berne Trust"] together own all the stock of B&B Corporation and Berne Corporation. Mr. Berne is also a beneficiary of the Berne Trust.

It is similarly conceded by all parties that each of the defendants are likewise domiciliaries of the Virgin Islands. Defendant Louis Boschulte is a director and officer of both corporations and a trustee of the Berne Trust. Defendant Gustav Danielson is similarly a director and officer of both companies. Together, Mr. Berne and Messrs. Boschulte and Danielson constitute the full board of directors of both corporations. Defendant Marjorie Lewis is an officer of both corporations and a trustee of the Berne Trust. Defendant Dilsa Capdeville is a trustee of the Trust. Defendants Boschulte, Lewis and Capdeville constitute all the trustees of the Berne Trust.

In his complaint filed December 4, 1997, plaintiff brings seven causes of action, none of which involve a federal question. Plaintiff nevertheless claims the Court has jurisdiction over this case under V.I. Code Ann. tit. 13, § 341 (1982).

## APPLICATION OF LAW AND FACT

Section 341 appears to give the District Court jurisdiction over the plaintiff's claims of breach of fiduciary duty by corporate officers. "The District Court of the Virgin Islands shall have jurisdiction over the directors, managers, trustees and other officers of a corporation . . . ." 13 V.I.C. § 341.

■ At the time 13 V.I.C. § 341 was enacted, the District Court had jurisdiction over a substantial number of strictly local civil actions. In 1984, the Revised Organic Act of 1954 was amended to give the local legislature the authority to divest the District Court of all non-federal question, non-diversity jurisdiction.* *See* Section 22 of the Revised Organic Act of 1954, 48 U.S.C. § 1612. Effective October 1, 1991, the legislature exercised this authority and vested original jurisdiction in all local actions in the Territorial Court. 4 V.I.C. § 76(a). Unfortunately, the legislature has never taken the

---

*The complete Revised Organic Act of 1954 is found at 48 U.S.C. § 1541-1645 (1994), *reprinted in* V.I. Code Ann., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1997) (preceding V.I. Code Ann. tit. 1).

trouble to make technical, conforming amendments to all the code provisions which previously implemented the District Court's local civil jurisdiction, including, 13 V.I.C. 341. This divestiture of the District Court by 4 V.I.C. § 76 of jurisdiction over all local civil actions has nevertheless repeatedly been recognized. *See, e.g., Moravian Sch. Advisory Bd. v. Rawlins*, 33 V.I. 280, 70 F.3d 270 (3d Cir. 1995) (pre-existing authority of District Court contained in 4 V.I.C. § 32(b) and 77(b) to transfer cases to the Territorial Court void even though not expressly repealed); *Trusdale v. V.I. Tax Review Bd.*, 35 V.I. 295, 946 F. Supp. 412, 413 (D.V.I. 1996)(District Court of the Virgin Islands has no jurisdiction over purely local civil matters absent independent basis for federal jurisdiction); *United States v. Charles*, 30 V.I. 143, 147-48 (Dist. Ct. 1994) (District Court of the Virgin Islands divested of jurisdiction over all civil matters except where diversity jurisdiction pled or supplemental jurisdiction asserted in civil case arising under federal law); and, *Dawson v. Gov't Employees Svc. Comm'n and Dep't of Econ. Dev. Agriculture*, Civ. No. 1992-10, (D.V.I. May 19, 1994) (4 V.I.C. § 76 repeals authority for writs of review under 5 V.I.C. § 1423).

## CONCLUSION

Since the Court lacks subject matter jurisdiction over the plaintiff's complaint, it must be dismissed per FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court **shall** dismiss the action.") (emphasis added). An appropriate order shall issue.