SHELL SEEKERS, INC., Charles W. Consolvo, Linda B. Consolvo, Snegle Gade Associates, A Limited Partnership, Charles W. Consolvo, Trustee of the Yvette B. Lederberg Trust, Arthur B. Choate, Stewart Loveland and Stacy Loveland, Plaintiffs,

v.

GOVERNMENT OF THE VIRGIN ISLANDS, and Roy Martin, Tax Assessor, Defendants.

No. CIV.2001–197.

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

March 15, 2004.

David E. Nichols, St. Thomas, VI, for the plaintiffs.

Kerry E. Drue, St. Thomas, VI, for the defendants.

**DECREE**

MOORE, District Judge.

Having considered the entire record in this individual case, including the testimony and documentary evidence presented at the trial on January 27, 2003, and based on the Memorandum of even date, it is hereby,

**DECREED** that the Tax Assessor's Office has failed to assess and tax the litigated properties of plaintiffs at their actual value.

The Court further enters the following remedial orders:

A. **Plaintiff Charles W. Consolvo, Parcel Nos. 52E–3 & 52B–2A Estate Thomas (Tax Parcel No. 1–05501–0211–00)**

**DECREED** that Consolvo has overpaid his 1994–1998 property tax bills on these properties by a total of $6,979.12; and that

the plaintiff has underpaid his 1999 and 2000 property taxes by $2,206.25; accordingly, it is hereby

**DECREED** that Consolvo is entitled to a refund for the 1994 to 1998 tax years of $4,772.87 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Parcel 53E–3 & 52B–2A Estate Thomas (Parcel No. 1–05501–0211–00) shall have a value of $900,000.00 and a tax liability of $6,750.00 for its 1999 tax bill, and a value of $1,318,537.00 and a tax liability of $6,750.00 for its 2000 tax bill, and that these values and tax liabilities shall remain in effect and that the government may not require Charles W. Consolvo to pay any money he may owe for these two property tax years until the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values and, subsequent to such certification, a reassessment of the property shows that the plaintiff owes money for property tax years 1999 and 2000.

**B.  Plaintiff, Snegle Gade Associates, a Limited Partnership, commercial property known as Parcel No. 4 Snegle Gade (Tax Parcel No. 1–05302–3919–00)**

**DECREED** that Snegle Gade Associates has overpaid its 1994–1998 property tax bills on this property by a total of $4,208.06; accordingly, it is hereby

**DECREED** that Snegle Gade Associates is entitled to a refund for the 1994 to 1998 tax years of $4,772.87 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Parcel No. 4 Snegle Gade (Tax Parcel No. 1–05302–3919–00) shall have a value of $110,000.00 and a tax liability of $825.00 for its 1999 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

**C.  Plaintiff, Snegle Gade Associates, a Limited Partnership, commercial property known as Parcel No. 5 Snegle Gade (Tax Parcel No. 1–05302–3920–00)**

**DECREED** that Snegle Gade Associates has overpaid its 1994–1998 property tax bills on this property by a total of $2887.93; accordingly, it is hereby

**DECREED** that Snegle Gade Associates is entitled to a refund for the 1994 to 1998 tax years of $2,887.93 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Parcel No. 5 Snegle Gade (Parcel No. 1–05302–3920–00) shall have a value of $75,000.00 and a tax liability of $744.62 for its 1999 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

**D.  Plaintiff, Snegle Gade Associates, a Limited Partnership, commercial property known as Parcel No. 6 Snegle Gade (Tax Parcel No. 1–05302–3921–00)**

**DECREED** that Snegle Gade Associates has overpaid its 1994–1998 property tax bills on this property by a total of $5,905.75; accordingly, it is hereby

**DECREED** that Snegle Gade Associates is entitled to a refund for the 1994 to 1998 tax years of $5,905.75 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Parcel No. 6 Snegle Gade (Parcel No. 1–05302–3921–00) shall have a value of $210,000.00 and a tax liability of $1,612.50 for its 1999 tax bill; and a value of $205,000.00 and a tax liability of $1,575.00 for its 2000 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

**E. Plaintiff, Snegle Gade Associates, a Limited Partnership, commercial property known as Parcel No. 6A Snegle Gade (Tax Parcel No. 1–05302–3923–00)**

**DECREED** that Snegle Gade Associates has overpaid its 1994–1998 property tax bills on this property by a total of $17.70; accordingly, it is hereby

**DECREED** that Snegle Gade Associates is entitled to a refund for the 1994 to 1998 tax years of $17.70 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Parcel No. 6A Snegle Gade (Parcel No. 1–05302–3923–00) shall have a value of $10,000.00 and a tax liability of $75.00 for its 1999 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

**F. Plaintiff, Charles W. Consolvo, trustee of the Yvette B. Lederberg Trust, the unimproved land known as Parcel No. D–11 Estate Lovenlund (Tax Parcel No. 1–03002–0323–00)**

**DECREED** that the trustee has overpaid his 1996–1998 property tax bills on this property by a total of $768.77; accordingly, it is hereby

**DECREED** that the trustee is entitled to a refund for the 1996 to 1998 tax years of $768.77 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Parcel No. D–11 Estate Lovenlund (Parcel No. 1–02002–0323–00) shall have a value of $43,000.00 and a tax liability of $322.50 for its 1999 tax bill; and a value of $44,000.00 and a tax liability of $330.00 for its 2000 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

**G. Plaintiffs, Charles W. Consolvo and Linda B. Consolvo, residential property Parcel No. 3S Agnes Fancy (Tax Parcel No. 1–02804–0280–00)**

**DECREED** that Charles W. Consolvo and Linda B. Consolvos have overpaid their 1997–1998 property tax bills on this property by a total of $1,136.32; accordingly, it is hereby

**DECREED** that the Consolvos are entitled to a refund for the 1997 and 1998 tax years of $1,136.32 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Parcel No. 3S Agnes Fancy (Parcel No. 1–02804–0280–00) shall have a value of $260,000.00 and a tax liability of $1,637.50 for its 1999 tax bill; a value of $280,000.00 and a tax liability of $1,787.50 for its 2000 tax bill; and a value of $295,000.00 for its 2001 tax bill and a tax liability of $1,900.00 for its 2001 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

H. **Plaintiffs Stewart Loveland and Stacy Loveland, residential property Parcel Nos. 1–10 and 1–28 St. Joseph and Rosendahl (Tax Parcel No. 1–02904–0149–00)**

DECREED that Stewart Loveland and Stacy Loveland have overpaid their 1997 and 1998 property tax bills on these properties by a total of $2,363.25; accordingly, it is hereby

DECREED that Stewart Loveland and Stacy Loveland are entitled to a refund for the 1997 and 1998 tax years of $2,363.25 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

ORDERED that Parcel Nos. 1–10 and 1–28 St. Joseph and Rosendahl (Tax Parcel No. 1–02904–0149–00) shall have a value of $245,000.00 and a tax liability of $1,587.50 for its 1999 tax bill; a value of $250,000.00 and a tax liability of $1,625.00 for its 2000 tax bill; and a value of $260,000.00 and a tax liability of $1,700.00 for its 2001 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

I. **Plaintiffs Shell Seekers, condominium unit B, Rainbow Building, Anchorage Condominiums (Tax Parcel No. 1–07803–0336–06)**

DECREED that Shell Seekers has overpaid its 1995–1998 property tax bills on this property by a total of $1,216.20; accordingly, it is hereby

DECREED that Shell Seekers is entitled to a refund for the 1995–1998 tax years of $1,216.20 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

ORDERED that condominium unit B, Rainbow Building, Anchorage Condominiums (Tax Parcel No. 1–07803–0336–06)

shall have a value of $140,000.00 and a tax liability of $1,050.00 for its 1999 tax bill; a value of $145,000.00 and a tax liability of $1,087.50 for its 2000 tax bill; and a value of $150,000.00 and a tax liability of $1,125.00 for its 2001 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

J. **Plaintiff Arthur B. Choate, condominium unit no. 109, Intrepid Building, Anchorage Condominiums (Tax Parcel No. 1–07803–0336–32)**

DECREED that Arthur B. Choate has overpaid his 1995–1998 property tax bills on this property by a total of $869.89; accordingly, it is hereby

DECREED that Arthur B. Choate is entitled to a refund for the 1995–1998 tax years of $869.89 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

ORDERED that condominium unit no. 109, Intrepid Building, Anchorage Condominiums (Tax Parcel No. 1–07803–0336–32) shall have a value of $140,000.00 and a tax liability of $1,050.00 for its 1999 tax bill; a value of $150,000.00 and a tax liability of $1,125.00 for its 2000 tax bill; and a value of $155,000.00 and a tax liability of $1,162.50 for its 2001 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

K. **Plaintiff Linda B. Consolvo, condominium unit no. 301, St. Kitts, Sapphire Hill Condominiums (Tax Parcel No. 1–05804–0336–20)**

DECREED that Linda B. Consolvo has overpaid her 1995–1998 property tax bills

on this property by a total of $456.53; accordingly, it is hereby

**DECREED** that Linda B. Consolvo is entitled to a refund for the 1995–1998 tax years of $456.53 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Unit No. 301 St. Kitts, Sapphire Hill Condominiums (Parcel No. 05804–0336–20) shall have a value of $50,000.00 and a tax liability of $375.00 for its 1999 tax bill; a value of $35,000.00 and a tax liability of $262.50 for its 2000 tax bill; and a value of $33,000.00 and a tax liability of $247.50 for its 2001 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.

**L. Plaintiffs Stewart Loveland and Stacy Loveland, condominium unit 288 St. Kitts, Sapphire Hill Condominiums (Parcel No. 1–05804–0336–08)**

**DECREED** that Steward Loveland and Stacy Loveland have overpaid their 1994–1998 property tax bills on this property by a total of $709.01; accordingly, it is hereby

**DECREED** that Stewart Loveland and Stacy Loveland are entitled to a refund for the 1994–1998 tax years of $709.01 plus interest at the statutory rate of twelve percent from the date each tax bill was paid; it is further

**ORDERED** that Unit No. 288 St. Kitts, Sapphire Hill Condominium (Parcel No. 1–05804–0336–08) shall have a value of $37,000.00 and a tax liability of $277.50 for its 1999 tax bill; and a value of $35,000.00 and a tax liability of $262.50 for its 2000 tax bill, and that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that

the Territory's property tax system will produce credible and reliable actual values.