**BERNE CORP. and B & B CORP., TWENTY-ONE QUEENS QUARTER, INC., MILLER PROPERTIES, INC., EQUIVEST ST. THOMAS, INC., ROBERT SCHMIDT, KIM HOLDSWORTH, ROBERT SCHMIDT DEVELOPMENT CORP., and DORI P. DERR, THE CYRIL V. FRANCOIS ASSOCIATES, LLC, SHELL SEEKERS, INC., CHARLES W. CONSOLVO, LINDA B. CONSOLVO, SNEGLE2 GADE ASSOCIATES LP, CHARLES W. CONSOLVO as Trustee of the Yvette B. Lederberg Trust, ARTHUR B. CHOATE, STEWART LOVELAND, and STACY LOVELAND, ELISABETH SHARP, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, ROY MARTIN, in his official capacity as Tax Assessor, and the BOARD OF TAX REVIEW, Defendants**

Civ. Nos. 2000-141, 2000-167, 2001-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228

District Court for the Virgin Islands

Division of St. Thomas and St. John

April 14, 2004

JAMES M. DERR, ESQ., St. Thomas, U.S.V.I., *for Berne Corp., B & B Corp., Miller Properties, Schmidt, et al., plaintiffs*

DAVID A. BORNN, ESQ., ROCHELLE BERMUDEZ, ESQ., St. Thomas, U.S.V.I., *for Twenty-one Queens Quarter, Inc, Cyril V. Francois Associates, LLC, plaintiffs*

CHAD C. MESSIER, ESQ., WILLIAM S. MCCONNELL, ESQ., St. Thomas, U.S.V.I., *for Equivest St. Thomas, Inc., plaintiff*

DAVID E. NICHOLS, ESQ., St. Thomas, U.S.V.I., *for Shell Seekers, plaintiffs*

KERRY E. DRUE, AAG, ESQ., WAYNE G. ANDERSON, AAG, ESQ., CAROL THOMAS-JACOBS, AAG, ESQ., St. Thomas, U.S.V.I., *for defendants*

MICHAEL MCLAURIN, AAG, ESQ., St. Croix, U.S.V.I., *for defendants*

MOORE, *Judge*

## CLARIFICATION

On May 12, 2003, I found the Territory's property tax system unlawful because it "systemically employed a method of assessment not calculated to determine the actual value of properties as required by 48 U.S.C. § 1401a." *Berne Corp. v. Government of the Virgin Islands*, 262 F. Supp. 2d 540, 561 (D.V.I. 2003) [*Berne Corp. II*]. Accordingly, I entered a decree in the consolidated portion of this case awarding injunctive and other such relief common to all parties. I applied that decree to the unique facts posed in each of the above-caption matters by issuing separate findings of fact, conclusions of law, and certain remedial orders in each of these matters. Plaintiffs Lindon Corporation and Gordon L. Coffelt have filed a motion for reconsideration of my August 22, 2003 ruling in their individual matter, which relied on 33 V.I.C. § 2453(c) as a jurisdictional basis for vacating the Board of Tax Review's decision in their case. After considering this motion, I realize that some of my individual decisions in these matters may suggest that section 2453(c) is a basis for my jurisdiction.[1] The following should remove any confusion over this Court's jurisdiction to enter these orders.

## II. ANALYSIS

In my consolidated decision in this matter I reiterated that this Court has jurisdiction to hear challenges to the Territory's property tax system under 48 U.S.C. §§ 1401a, which provides that all taxes on Virgin Islands real property shall be based on the property's "actual value."

---

[1] I referenced 33 V.I.C. § 2453(c) in two other decisions in these individual tax cases, namely *Sharp v. Virgin Islands*, 278 F. Supp. 2d 585 (2003), and *Shell Seekers, Inc. v. Government of the Virgin Islands*, 308 F. Supp. 2d 592, 2004 U.S. Dist. LEXIS 4205.

*Berne Corp. v. Gov't of the Virgin Islands*, 262 F. Supp. 2d 540, 551-553. As the Court of Appeals has agreed, "because the plaintiff[s]' claims 'arise under' § 1401a, they are subject to the jurisdiction of the District Court under 48 U.S.C. § 1612 and 28 U.S.C. § 1341." *Bluebeard's Castle, Inc. v. Government of Virgin Islands*, 321 F.3d 394, 402 (3d Cir. 2003) (citations omitted).

In my first decision to address the unique circumstances of an individual plaintiff, I did not explicitly repeat this basis for this Court's jurisdiction under federal law, but instead incorporated by reference my findings in the consolidated portion of this case. *See Equivest St. Thomas, Inc. v. Government of the Virgin Islands*, 276 F. Supp. 2d 439, 443 (D.V.I. 2003). In a few of the individual decisions that followed, however, I referred to 33 V.I.C. § 2453(c) as providing authority to vacate decisions of the Board of Tax Review. *See Sharp v. Government of the Virgin Islands*, 278 F. Supp. 2d 585, 587 (D.V.I. 2003); *Lindon Corp. v. Government of the Virgin Islands*, 278 F. Supp. 2d 579, 581 (D.V.I. 2003); *Shell Seekers, Inc. v. Gov't of the V.I.*, 308 F. Supp. 2d 592, 2004 U.S. Dist. LEXIS 4205 (D.V.I. 2004).

Plaintiffs Lindon Corporation and Gordon L. Coffelt suggest that section 2453(c) has been implicitly repealed by a decision of the Third Circuit Court of Appeals and is thus not a proper basis for vacating the unlawful decisions of the Board of Tax Review. (Mot. for Reconsideration at 1-2, citing *Moravian School Advisory Board of St. Thomas v. Rawlings*, 33 V.I. 280, 70 F.3d 270 (3d Cir. 1995)). Without reaching the merits of this argument, I will clarify that the basis for this Court's jurisdiction to enter remedial orders in these individual decisions is the same as the basis for this Court's jurisdiction set forth in the consolidated portion of this case, namely 48 U.S.C. § 1401a and 5 V.I.C. § 80. *See Berne Corp.*, 262 F. Supp. 2d at 551-553.

As I explained in that consolidated decision, Congress requires the Virgin Islands to establish and maintain a property tax system designed to assess the tax on the real property's actual value. *Id.* at 552. I also explained that the government had denied plaintiffs such as Lindon Corporation their right to due process by failing to provide timely hearings for appeals of property tax assessments. *Id.* at 569. As the government has violated federal law and the plaintiffs' due process rights, I have jurisdiction to enter orders to remedy the government's unlawful behavior. *See, e.g., Growth Horizons, Inc. v. Delaware County*,

983 F.2d 1277, 1281 (3d Cir. 1993) ("A district court has federal question jurisdiction in any case where a plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated a federal statute."). Finally, I explained that this Court has supplemental jurisdiction over the plaintiffs' taxpayer's suit against the Tax Assessor for illegally assessing their property. *See Berne Corp.*, 262 F. Supp. 2d at 553; *see also* 5 V.I.C. § 80 ("A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds.").